Marguriet Spelman, Plaintiff in Error, v. Samuel C.
Pirie et al., Partners, trading as Carson, Pirie,
Scott & Company and Ernest S. Cleveland, Defend-
ants in Error.

Gen. No. 27,473.

1. WORKMEN'S COMPENSATION—*award as bar to common-law ac-
tion*. Where an employee of defendant partnership sustained an
injury to her finger in the course of her employment and made
application for and received compensation therefor under the work-
men's compensation act, a final settlement being made with the
approval of the Industrial Board, she is not entitled to proceed
against the partnership at common law on the theory that the
partnership was derelict in not furnishing her reasonably compe-
tent medical and surgical services.

2. WORKMEN'S COMPENSATION—*injury from unskilful medical
treatment as included in award*. Where an employee of a partner-
ship was injured in the course of her employment and accepted
final settlement under the workmen's compensation act, such set-
tlement must be regarded as including any aggravation of the
original injury by unskilful treatment by the physician employed
by the partnership and she could not maintain an action against
him because of such aggravation of the injury.

Error by plaintiff to the Circuit Court of Cook county; the Hon.
R. S. TUTHILL, Judge, presiding. Heard in the third division of
this court for the first district at the March term, 1923. Affirmed.
Opinion filed April 30, 1924.

CHARLES C. SPENCER, for plaintiff in error.

EDWARD W. RAWLINS and BATES, HICKS & FOLONIE,
for defendants in error.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion
of the court.

This is an action on the case brought by the plain-
tiff, Marguriet Spelman, in the circuit court, against
the defendants, Pirie et al., partners, doing business
as Carson, Pirie, Scott and Company, and one Cleve-
land,

The declaration contained three counts. The defendants filed a plea of the general issue, to which the plaintiff filed a *similiter*. The defendants, Carson et al., filed, also, a special plea, and so did the defendant, Cleveland. The plaintiff filed a general demurrer to each of the special pleas. They were overruled by the trial judge, and, the plaintiff electing to stand by her demurrers, the court entered a final judgment in favor of the defendants. This writ of error was sued out to reverse that judgment.

The first count charges medical malpractice; and alleges that, on May 3, 1916, all the defendants undertook to furnish the plaintiff medical services and treat her for an injury to the middle finger of her right hand; that they so unskilfully and negligently conducted themselves in their treatment of her that her injury became greatly increased and aggravated; that they negligently performed an operation on her finger, with an unsterilized and infected instrument as the result of which it became necessary to have the finger amputated.

The second count alleges that she was employed as a saleswoman by the partnership which agreed to provide medical services in case the plaintiff should sustain an accidental injury while in their employment; that while so employed she sustained an accidental injury and the partnership provided medical treatment by furnishing the medical services of the defendant, Dr. Cleveland; that the partnership failed to furnish reasonably careful and skilful medical services to her; that the medical services of the defendant Cleveland, which were furnished by them, were so unskilfully and negligently exercised that in operating on her finger he did so with an unsterilized and poisoned instrument and, as a consequence of such negligence and want of care and skill, the injury of the plaintiff became greatly increased and aggravated.

The third count alleges that the partnership was

the employer of the plaintiff and had elected to provide and pay compensation according to the provisions of the Workmen's Compensation Act; that the plaintiff, as employee, had elected to accept and had accepted the provisions of the Act; that while working for the partnership she sustained an accidental injury in the course of her employment, by means of a pin, to the middle finger of her right hand, and under the provisions of the Act, it became the duty of the partnership to provide first aid, medical, surgical and hospital services for her, of a reasonably careful and skilful nature, for a period not longer than eight weeks; that the partnership, not regarding its duty, furnished the medical and surgical services of Dr. Cleveland, one of their employees; that he was incompetent, unskilful and negligent and the services so provided, were careless, negligent and unskilful; that Dr. Cleveland, whose services were so provided, so unskilfully, negligently and carelessly treated her injury, that it became greatly increased and aggravated; that Dr. Cleveland performed, and the partnership caused him to perform, an operation upon her finger in an unskilful and negligent manner with an unsterilized and poisonous instrument, by reason of which negligence and lack of skill she contracted blood poisoning and underwent great and unnecessary pain. The *ad damnum* is $10,000.

The first plea, as said above, is by all the defendants, and is, not guilty.

The second plea is by the partnership, Carson, Pirie, Scott & Co., alone. It alleges that at the time the plaintiff was originally injured and at the time she was treated, she was in its employment, and the injury arose in the course of her employment; that she and the partnership were both under the Workmen's Compensation Act; that her average weekly wage was $15; that the medical and surgical treatment was administered to her by Dr. Cleveland, a duly licensed

physician and surgeon, and an employee of the partnership; that the partnership furnished to her on account of her injury, first aid and hospital services, and paid to her and she accepted, in accordance with the Act, the sum of $7.50 per week for 43 weeks, being for the time she was wholly incapacitated for work; that thereafter, she filed with the Industrial Board an application against the defendants for adjustment of her claim under the Act; that an arbitrator was appointed, and after a hearing, he found that, in addition to the sums paid as above mentioned, she was entitled to the sum of $7.50 a week for a further period of fifty weeks on account of the loss of the second finger of her right hand and the disfigurement, and a further sum of $125 for medical and surgical treatment, and a further sum of $52; that, thereafter the partnership paid the sum of $125 for medical and surgical services and the sum of $75, in accordance with the finding of the arbitrator; that, thereafter, on May 3, 1917, the partnership and the plaintiff entered into a settlement contract, setting her claim for the amount still due for the loss of her finger and disfigurement, under the finding and award of the arbitrator, for the sum of $300, and the Industrial Board, upon the request of the partnership and the plaintiff, approved the settlement and entered an order for a lump sum settlement of $300, and that amount was paid to her by the partnership.

In the third plea, which was filed by the defendant, Cleveland, alone, it is alleged as follows: that the plaintiff at the time she was injured and when treated, was in the employment of the partnership; that her injury arose out of and in the course of her employment; that she and the partnership were at that time operating under the Act; that her average weekly wage was then $15 per week; that he was, at the time of her injury and treatment, a duly licensed physician and surgeon in the employment of the partnership; that the partnership, in accordance with the provi-

sions of the Act, furnished her, on account of her injuries, with medical and hospital services. It then recites the proceedings before the Industrial Board and the payment to the plaintiff and settlement as those facts are set up in the second plea.

The question arises whether the trial judge erred in overruling a general demurrer to each of the second and third pleas.

As to the special plea of the partnership—the second plea—it is contended for the plaintiff that as section 8, paragraph (a) of the Workmen's Compensation Act of 1913, provides that "The employer shall provide necessary first aid, medical, surgical and hospital services; also, medical, surgical and hospital services for a period not longer than eight weeks," it was the duty of the partnership to provide a reasonably competent and skilful physician and surgeon; that they failed to do so, and that, as it is admitted by their plea that Cleveland, who was furnished by them, was unskilful end negligent, they are liable for damages for the aggravated injury. But, aside from what other reasons there may be, it is sufficient to say that as the plea set up that there was an application by the plaintiff filed with the Industrial Board, the appointment of an arbitrator, a hearing before, and finding by him, payment by the partnership according to the findings, a settlement by her and the partnership, which was approved by the Industrial Board, and the amount provided in the settlement agreement was paid by the partnership and received by her, she is not now entitled to claim that she still has outstanding a right of action based upon her claim that the partnership having failed to provide her with reasonably competent medical and surgical services was guilty of a separate tort, as the plaintiff and the members of the partnership were all under the Act, "No common law * * * right to recover damages for injury * * * sustained by" her "other than the compensation 'therein' provided shall be available to"

her, and having voluntarily gone before the Industrial Board and consummated an agreement in settlement of her claim for injury, she is now estopped; and certainly is not now entitled to proceed at common law on the theory that, as she claims, the partnership was derelict in not furnishing her reasonably competent medical and surgical services. All her common-law rights became extinguished through the processes before the Industrial Board, the final voluntary settlement, and the application of the Act. Even if there might have existed a right to compensation under the Act for the original injury, and, also, a right to the effect that the partnership should furnish her skilful medical and surgical services, having made a settlement, it would seem, from analogous decisions on the subject of aggravated injury, that the voluntary settlement extinguished all further claims and rights either as to compensation, or damages at common law. It cannot be maintained, with reason, that she settled with the partnership for the injury caused by the pin, but did not settle with the partnership for not providing skilful medical and surgical services. *Suelzer v. Carpenter,* 183 Ind. 23; *Guth v. Vaughan,* 231 Ill. App. 143; *Pitkin v. Chapman,* 121 Misc. 88, 200 N. Y. Supp. 235; *Hooyman v. Reeve,* 170 N. W. 282. Dr. Cleveland was an employee of the partnership, and as its agent treated the plaintiff, and what he did in the course of his employment, his principal did and was responsible for, and must be considered as having settled for. *Pawlak v. Hayes,* 162 Wis. 503, 156 N. W. 464; *Hooyman v. Reeve, supra; Martin v. Cunningham,* 93 Wash. 517, 161 Pac. 355.

The case of *Ross v. Erickson Construction Co.,* 89 Wash. 634, is in many ways opposite. That was a suit brought by the plaintiff against his employer and the physician, for an injury sustained by him in the course of his employment. As in the instant case, in the Ross case the plaintiff filed a claim under the Compensa-

tion Act and accepted a final award and payment; and the court there held that such a settlement was compensation for the entire injury. The court said, "The resultant injury or 'aggravation' * * * is not an independent injury. It is proximate to the original hurt and is measured as such. Surgical treatment is an incident to every case of injury or accident and is covered as a part of the subject treated." As the plea set up that she had been settled with for her injury, it was a complete answer to the cause of action alleged against the partnership.

As to the third plea, it was good, for the reason that having been originally injured through the negligence, as she claims, of the partnership, she had no right of action against Cleveland, alone. Where an employee under the Act is injured by the negligence of her employer and is entitled to compensation from him, she has no right of action against a third person. Here, the original injury was not caused by Cleveland, and as the aggravation of it is, by the law, considered part of the original for which there has been a settlement, the second plea set up a good defense. There are two reasons why that plea was good; first, the settlement, and, second, it was not his negligence which caused the original injury. Counsel for the plaintiff contends that *O'Brien v. Chicago City Ry. Co., et al.,* 305 Ill. 244, applies. We do not think it does. Nothing in that case suggests that malpractice concerning an injury already done constitutes a separate tort; nor that a settlement for the negligence causing the original injury is not also a settlement for any subsequent aggravation of the injury by the malpractice of a surgeon.

The judgment, therefore will be affirmed.

*Affirmed.*

O'CONNOR, J. and THOMSON, J. concur.