WALTER WROBEL, Plaintiff, *v.* JAMES B. CALL and Another, Defendants.

Supreme Court, Montgomery County, February 8, 1932.

*Fayette E. Moyer*, for motion.

*Daisy S. Borst*, opposed.

HEFFERNAN, J. Plaintiff obtained summary judgment against defendants pursuant to rule 113 of the Rules of Civil Practice. Plaintiff taxed as part of his costs a trial fee of thirty dollars. The inquiry here is whether a judgment rendered on such an application involves a trial so as to entitle plaintiff to tax a trial fee. So far as my examination discloses, that question has not heretofore been determined.

The object of rule 113 is to preclude the interposition of frivolous defenses and to defeat any attempt to use a formal pleading as a means of delaying the recovery of honest demands. It is not the purpose of this rule to deprive any one of a jury trial on an issue of fact. The right which a defendant had at common law to have an issue of fact tried by a jury was always subordinate to the power of the court to strike out false and sham pleas. Rule 113 requires a defendant to show that he has a *bona fide* issue, an arguable defense, and that he is not taking advantage of any technicality in a pleading in order to prevent the enforcement of honest

claims. The court does not determine contested issues on such a motion. It merely determines whether there is an issue of fact to be tried. If there is that must be determined by a jury. If the court is satisfied that there is no question of fact for submission to a jury and that the defense is a mere pretense it is summarily stricken out. Manifestly a trial contemplates something more than a mere inspection of pleadings and affidavits in order to ascertain if a genuine issue is presented. A trial is an adjudication of the matters in controversy. In this case the court determined that there was no question of fact and that the defense was a pretense and a sham. It seems to me that that does not constitute a trial of the issues and that consequently plaintiff is not entitled to tax a trial fee.

The motion is, therefore, granted and the trial fee is disallowed.