## PRUDENTIAL INS. CO. OF AMERICA v. GOLDSTEIN.

### No. 2310.

District Court, E. D. New York.

Feb. 17, 1942.

Weit & Goldman, of New York City (Solon Weit and Merwin F. Levine, both of New York City, of counsel), for plaintiff.

Jay Leo Rothschild, of New York City (Walter S. Beck, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

The Court has granted summary judgment herein in favor of the defendant. The question has arisen as to whether or

768

not the Court is required to make findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Rule 52 provides "in all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * *". This rule provides that findings be made by the Court in all actions "tried" upon the facts without a jury. While summary judgment may dispose of all the issues in the action the proceedings upon which it is based cannot be regarded as a trial, nor are the issues "tried". See 42 Words and Phrases, Permanent Edition, pp. 482, 533.

■ A proceeding for summary judgment cannot be regarded as a trial. As a matter of fact if there is a triable issue there can be no summary judgment and the parties are relegated to a trial of the action. The purpose of a summary judgment is to obviate delay where there is no real issue, as was said by Holtzoff, New Federal Procedure and the Courts, p. 143; "without waiting for trial, of actions in which there is no genuine issue as to any material fact."

The conclusion is inescapable that no findings of fact and conclusions of law are required to be made by the Court where summary judgment is granted. This view is fortified not only by the language of Rule 52 which is explicit, but the fact that the committee which formulated the rules (see Committee Note) did not discuss findings of fact and conclusions of law in connection with motions for summary judgment. There are no discussions on this subject in the Proceedings of the American Bar Association Institute held at Cleveland, Washington or New York, nor in Holtzoff, New Federal Procedure and the Courts, nor in Moore's Federal Practice. Holtzoff states the rule as follows, p. 131: "It is provided by Rule 52 that in all actions tried on the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of appropriate judgment."

The fact that in the Committee Note, the discussions above referred to in Moore and in Holtzoff there is no reference to a requirement for findings of fact and conclusions of law in a case of summary judg-

ment is quite persuasive that there is no such requirement.

■ While findings of fact in a summary judgment proceeding are not authorized by the rules, nevertheless the Court can make findings of fact and conclusions of law either where the parties do not object (as in this case) or without their consent—such findings would not be repugnant to the rules, although not expressly authorized. As a matter of fact they might be helpful to an Appellate Court.