STATE OF INDIANA ON RELATION OF HOBBS *v.* CLAY-
COMBE, JUDGE, ETC. AND MARION CIRCUIT COURT.

[No. 29,132. Filed April 6, 1954.]

*Quinn & Howard,* of Indianapolis, for relator.

*Royse & Travis,* of Indianapolis, for respondents.

EMMERT, J.—This original action involves the right of relator to a change of venue from the judge in a proceeding to set aside a judgment taken against him by default. The default judgment was entered in the trial court on September 18, 1952. On October 14, 1953, relator filed his complaint against the judgment plain-

tiff, upon which summons was issued pursuant to the statute on setting aside a judgment against a party taken through his "mistake, inadvertence, surprise, or excusable neglect." Section 2-1068, Burns' 1946 Replacement.

The complaint was put at issue by an answer, and within due time the plaintiff filed an affidavit for change of venue from the trial judge, which was denied. We issued an alternative writ commanding the court to grant the change or show cause why the same should not be done.

Respondent takes the position that §2-1068, Burns' 1946 Replacement, is a special statutory proceeding which does not provide for a change of venue from the judge, that the proceeding is summary in nature and analogous to a motion for new trial, and therefore the motion for the change was properly overruled.

The fact that the statute, which provides a special proceeding, is silent as to right of change of venue from the judge, does not by implication deny the right to the change. "It is well settled in this jurisdiction that the mere fact that a proceeding is a special statutory one does not necessarily preclude either of the parties thereto from a change of judge. *Bass* v. *Elliott* (1886), 105 Ind. 517, 5 N. E. 663; *Burkett* v. *Holman, supra; Daniels* v. *Bruce* (1911) 176 Ind. 151, 95 N. E. 569; *Thorn* v. *Silver* (1909), 174 Ind. 504, 92 N. E. 161." *State ex rel. Wheeler* v. *Leathers, Judge* (1925), 197 Ind. 97, 102, 149 N. E. 900.

Our present statute on change of venue from the judge in causes not triable by a jury provides as follows:

"When any matter of a civil, statutory or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall

change the venue thereof upon the application of either party to such cause, made upon affidavit, of either party or his attorney, showing any one [1] or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions. And the presiding judge shall make an appointment of a special judge to hear such cause in the manner provided by law for changes of venue in civil actions." Section 2-1402, Burns' 1946 Replacement (Acts 1913, ch. 122, §1, p. 314; 1929, ch. 6, §1, p. 12.)

Before the enactment of Ch. 122 of the 1913 Acts[1] the right to a change of venue from the judge only existed for causes within §2-1401, Burns' 1946 Replacement (Acts 1881 (Spec. Sess.), ch. 38, §255, p. 240), [§422, Burns' 1908]. In *Allen* v. *Fayette Circuit Court* (1948), 226 Ind. 432, 81 N. E. 2d 683, we noted that §2-1402, Burns' 1946 Replacement, was broader than §2-1401, Burns' 1946 Replacement.

The fact that a proceeding is summary in nature does not necessarily deprive the parties of the right to a change of venue from the judge. *Allen* v. *Fayette Circuit Court* (1948), 226 Ind. 432, 436, 81 N. E. 2d 683, *supra*, (habeas corpus); *Burkett* v. *Bowen* (1889), 118 Ind. 379, 21 N. E. 38, and authorities therein cited (proceeding supplementary to execution); *Jaseph* v. *Schnepper* (1891), 1 Ind. App. 154, 27 N. E. 305 (motion to issue execution after lapse of ten years after entry of judgment).

The relator was out of the state when the default judgment was taken against him. He could not have filed a motion for a new trial, since there has been no trial within the meaning of the term used in the Code. *Carson, Receiver* v. *Perkins* (1940), 217 Ind. 543, 29 N. E. 2d 772. We

1. The amendment by Ch. 6 of the 1929 Acts gave the right to the party to have the attorney execute the affidavit.

fail to see any reason why the judge before whom a default judgment was taken must be the judge to determine whether the default was taken by "mistake, inadvertence, surprise, or excusable neglect." The former holdings of this court in coram nobis were superseded by amended Rule 2-40 effective December 20, 1952.

No authority was cited for the dictum in *State ex rel. Roth* v. *Dickey, Judge* (1947), 225 Ind. 279, 281, 73 N. E. 2d 765, that a change of judge is not proper in a proceeding under §2-1068, Burns' 1946 Replacement, and accordingly it is specifically overruled.

The right granted by §2-1068, Burns' 1946 Replacement to set aside a default is a matter of statutory nature not triable by jury, and under §2-1402, Burns' 1946 Replacement, the plaintiff is entitled to a change of venue from the judge. See *State ex rel.* v. *Leffler* (1953), 232 Ind. 541, 114 N. E. 2d 804.

The alternative writ is made absolute.

Draper, C. J., Gilkison, Flanagan, and Bobbitt, JJ., concur.

NOTE.—Reported in 118 N. E. 2d 489.