73 So.2d 56 (1954)
WEISBERG
v.
PERL et ux.
Supreme Court of Florida. Special Division B.
June 4, 1954.
Rehearing Denied June 18, 1954.
*57 Marx M. Faber, Miami, for appellant.
Wicker & Smith, Miami, for appellees.
MATHEWS, Justice.
On October 9, 1953, the Circuit Court of Dade County entered a summary final judgment pursuant to motion and notice. In this final judgment the Court found that "there is no genuine issue of a material fact to be submitted to a jury and that the defendants are entitled to a judgment as a matter of law." The same order contained the following:
"It is, therefore,
"Ordered and Adjudged that final judgment be and the same is hereby entered in favor of the defendants, * * * and against the plaintiff * * * and that the defendants go hence without day."
On October 15, 1953, the appellant filed motion entitled "Petition for Re-Hearing and for New Trial". This motion was denied on January 27, 1954. Notice of appeal to this Court was filed on March 23, 1954, which was more than sixty days from the entry of the final judgment and within sixty days from the entry of the order denying petition for rehearing and for new trial.
The appellees filed motion to dismiss the appeal on the ground that the petition for rehearing and for a new trial, filed October 15, 1953, did not toll or stay the time for prosecuting an appeal from the summary final judgment entered on October 9, 1953, and that such notice should have been given within sixty days from the time of the entry of the summary final judgment.
This is a common law action and a petition for a rehearing after summary final judgment is unknown and unheard of in such a proceeding.
*58 A motion for a new trial is provided for by 30 F.S.A. Common Law Rules, rule 41. The appellant relies upon this rule. The rule contemplates that there should have been a trial and a verdict of a jury or a finding upon the disputed questions of fact. The rule provides that such motion shall not preclude the entry of judgment on the verdict and that the motion shall be made within four days after the rendition of the verdict. This rule was amended by order dated March 18, 1952, effective June 1, 1952, and changed the time for filing the motion for a new trial to ten days "after the rendition of the verdict". The rule, as amended, contemplates that the motion for new trial should be made after a rendition of a verdict by the jury except sub-paragraph (e) which provides that "Where an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be reviewed on appeal whether or not the party raising the question has made any objection thereto in the trial court, or made a motion for new trial or to alter or amend the judgment." This quoted section of Rule 41 has nothing to do with a summary judgment but provides for a trial by the Court without a jury. Where a jury is waived or when a jury trial is not requested or demanded, disputed questions of fact may be tried by the Court without a jury and in such cases Section (e) of Rule 41 would apply.
The summary judgment statute, Rule 43, does not provide for a trial by the Court of disputed issues of fact but only applies where "the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A motion for a new trial from the summary final judgment is not provided for by law or any rule of this Court. The only method for review after a summary final judgment has been entered is by direct appeal to this Court as provided for by the laws and rules governing appeals from a final judgment in common law actions. See Kent v. Marvin, Fla., 59 So.2d 791
The judgment appealed from in this case was a final judgment and it can only be reviewed by direct appeal to this Court within the time and under the rules governing appeals from final judgments in common law actions. The filing of the petition for rehearing or for a new trial was unauthorized and did not stay or toll the time for prosecuting an appeal from the final judgment. The question of tolling the statute pending the disposition of a motion filed during the term to set aside or vacate a final judgment is not presented by the record in this case. The notice was given more than sixty days after the entry of summary final judgment, and the motion to dismiss the same should be, and the same is, hereby
Granted.
ROBERTS, C.J., and HOBSON and DREW, JJ., concur.