KANNER, Chief Judge.
The action about which this appeal is concerned is that of replevin for recovery of a Cadillac automobile which had been sold under a conditional sales contract. Both the appellant, who was defendant, and the appellee, who was the plaintiff in the court below, sought summary judgment.
On March 26, 1958, the trial court denied appellant’s motion for summary judgment but granted appellee’s motion. The court entered summary final judgment in appel-lee’s favor, ordered that appellee was entitled to possession of the automobile, and also ordered payment of costs. The judgment was entered and recorded on March 26, 1958. As a consequence to the court’s ruling on April 3, 1958, appellant filed a motion for new trial. On May 15, 1958, the court in a written opinion and order denied the motion. Notice of appeal was then filed on June 23, 1958, which was eighty-nine days after the recording of the summary final judgment. The notice of appeal was directed to this judgment and to the order denying the motion for new trial.
No mention of the respective positions assumed by the parties on the merits of the appeal need be made because of this court’s conclusion that it has not acquired jurisdiction of the cause.
This is an action at law. A motion for a new trial or a petition for rehearing consequent upon summary final judgment is not authorized under any court rule or statute as a procedure to attack or review a summary final judgment in a law action. The filing of such motion or petition does not toll or stay the running of the time of the appeal period from the date of the recording of the summary final judgment. The method of review of a summary final judgment is by direct appeal as provided by the statutes and court rules governing appeals from a final judgment in law actions. This court obtains its jurisdiction of the subject matter and the parties to an appeal upon the filing of the *499 notice of appeal, as required, within the time limitation and in the manner prescribed by the statutes (F.S.A. § 59.01 et seq.) and Florida Appellate Rules, rule 3.2, 31 F.S.A. It is, therefore, unmistakably clear that the notice of appeal was not timely filed so as to vest this court with jurisdiction. See Weisberg v. Perl, Fla. 1954, 73 So.2d 56; and Counne v. Saffan, Fla.1956, 87 So.2d 586.
The appeal is dismissed ex mero motu.
SHANNON, J., and SMITH, FRANK A., Associate Judge, concur.