SMITH, Chief Judge.
By its motion to dismiss the State asserts this court lacks jurisdiction because the notice of appeal was not timely filed.
On August 7, 1963, pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, the appellant filed in the trial court a motion to vacate his judgment and sentence. The motion was denied by order ■entered October 2, 1963. The appellant filed a petition for rehearing on September 20, 1963 which was denied by an order entered December 23, 1963. His notice of appeal was filed March 18, 1964. The question for our determination is whether or not the filing of the petition for rehearing and the entry of an order denying rehearing affects the time for appeal.
Neither the statutes nor Criminal Procedure Rule No. 1 make specific provision for a time within which an appeal may he taken from an order entered under that rule. However, the Supreme Court has stated that the appeal time shall be the same as that governing criminal appeals. Roy v. Wainwright, Fla.1963, 151 So.2d 825. In a criminal case an appeal may be taken by the defendant only within 90 days after the entry of the order appealed. Fla. Stat. § 924.09, F.S.A. The order denying relief under the rule in this cause was entered more than 90 days prior to the filing of the notice of appeal but within 90 d&ys from the entry of the order denying the petition for rehearing.
There is no provision in Criminal Procedure Rule No. 1 nor in the statutes pertaining to criminal procedure for the filing of a petition for rehearing. In the absence of such statute or procedural rule there .cannot be “a timely and proper motion or petition for a new trial, rehearing or reconsideration” which will suspend the rendition of the order as provided by Florida Appellate Rule 1.3, 31 F.S.A. We therefore conclude that the filing of the petition for rehearing and the entry of the order denying the petition did not extend the time for taking an appeal. The period must be computed from the date of the entry of the order denying the relief sought in accordance with the principles announced in Counne v. Saffan, Fla.1956, 87 So.2d 586, and La Joie v. General Motors Acceptance Corp., Fla.App.1959, 108 So.2d 497.
We do not deal here with the question of the court’s power to entertain a petition for rehearing in this cause. As was noted in Floyd v. State ex rel. La Vigne Electric Co., Fla.1962, 139 So.2d 873, the determination of the question of the absence or presence of such a power in the court and the question of what bearing such a petition would have on the time for taking an appeal are separate and distinct. The court pointed out, in making the above distinction, that the Counne case, supra, held that inasmuch as there was no rule providing for an attack by a petition for rehearing on a summary judgment, the filing of one would not extend the time for taking an appeal and the period would, therefore, be computed from the date of the final judgment.
Likewise we do not have here to decide whether this cause is civil or criminal. The petition for rehearing was not filed within the time allowed for a motion for a new trial under Florida Criminal Procedure Statute, § 920.02 F.S.A. nor rule 2.8, Florida Rules of Civil Procedure, § 31 F.S.A.
The notice of appeal not being timely filed, this court lacks jurisdiction in this cause. An appropriate order will be entered dismissing this appeal.
SHANNON and ANDREWS, JJ., concur.