KAPUSTA *v.* DE PUY MANUFACTURING COMPANY, INC.

[No. 20,619. Filed September 29, 1967. Rehearing denied November 3, 1967. Transfer denied with Opinion March 5, 1968. 234 N. E. 2d 487.]

*Patrick & Anderson,* of South Bend, for appellant.

*Graham, Rasor & Harris,* of Warsaw, for appellee.

PRIME, J.—This appeal is from a summary judgment rendered by the trial court in favor of appellee, defendant in that court.

Joseph Kapusta was injured in an automobile accident which occurred on April 14, 1957, in Du Page County, Illinois. The injuries were caused by the negligence of one Billie Joe Lambert in operating his motor vehicle. Mr. Kapusta was admitted to the hospital the same day. An intertrochanteric plate manufactured by the De Puy Company was affixed to his fractured leg on April 18, 1957, to aid in its healing. Mr. Kapusta of course knew nothing about the manufacture, implantation, or reliability of this device; he and the physicians attending him could reasonably assume it to be of sufficient quality to perform its appointed task.

Appellant's leg became inflamed in the area of the device sometime in July of 1959. He was again hospitalized for some ten days, but was treated and released without surgery. On October 12, 1959, appellant was hospitalized, and on October 20, 1959, surgery was performed in the area of inflammation The plate had broken at a point approximately two inches from his knee.

Subsequently, on November 13, 1959, Mr. Kapusta executed the following document:

## GENERAL RELEASE

"FOR THE SOLE CONSIDERATION OF TWENTY THOUSAND FIVE HUNDRED SIXTY FIVE AND NO/100 ($20,565.00) Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges, BILLIE JOE LAMBERT and ARTHUR M. LAMBERT their heirs, executors, administrators, agents and assigns, and all other persons, firms, or corporations liable, or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability from any and all claims, demands, damages, actions, causes of action, or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person or property, which have resulted or may, in the future, develop from an accident, which occurred on or about the 14th day of April, 1957, at or near North Avenue at the intersection of Grace Street, City of Lombard, County of DuPage, State of Illinois.

The undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned.

Signed and Sealed this 13th day of November, 1959, at South Bend, Indiana.

x/s/ Joseph Kapusta SEAL"

JOSEPH KAPUSTA

## I.

There is pending before this court a motion filed by appellee to dismiss this appeal, or, in the alternative, to affirm the judgment of the trial court. The thrust of his argument is that a motion for new trial is a nullity after a trial court renders summary judgment, and that appellant has thus failed to satisfy the ninety day time limit for filing appeals by not appealing directly from the judgment within ninety days.

Indiana Supreme Court Rule 2-2.

Summary judgment was entered October 28, 1965. Appellant filed his motion for new trial on November 27, 1965. This motion was overruled on April 12, 1966. The transcript and assignment of errors were filed on July 8, 1966, within ninety

days after the ruling on the motion for new trial, but more than ninety days after final judgment. The reason advanced by appellee that such a motion for new trial is a nullity is that there was in fact no trial.

> In Indiana a trial is ". . . a judicial examination of the issues, whether of law or of fact, in an action." Acts of 1881 (Special Session), Ch. 38, § 371, P. 240. Burns' Indiana Statutes § 2-1901.

We are of the opinion that a summary judgment is such an examination. The trial court examined the pleadings before it and, finding no material facts in issue, passed judgment. Moreover, a primary function of a motion for new trial is to allow any mistakes occurring in lower courts to be corrected there. A motion for new trial may be granted for any of eight reasons, and a determination of summary judgment could conceivably be affected by several of these situations. Acts of 1881 (Special Session) Ch. 38, § 420, P. 240. Burns' Indiana Statutes § 2-2401.

Appellant's motion for new trial was properly taken after the trial court's finding, and appellee's motion to dismiss or affirm is hereby denied.

## II.

Our second point for consideration is the legal effect of this release. We cannot question its validity or genuineness, since it was not so questioned below.

The law of Illinois controls this question, since the release was executed there.

The rule applied by that jurisdiction to determine the extent of a release of this nature is that if an original tortfeasor may be held liable for the entire amount of damages relating to one's injury, which is subsequently aggravated by an intervening tort committed by a third party, a release of the original tortfeasor operates to release the third party. *Guth* v. *Vaughan* (1923), 231 Ill. App.

143; *Spelman* v. *Pirie* (1924), 233 Ill. App. 6; *Tidwell* v. *Smith* (1960), 27 Ill. App. 2d 63, 169 N. E. 2d 157.

The rationale is clear; one having received full satisfaction should not be allowed to recover again for the same injury, even though it has been aggravated. It will be observed that the releases given in the cited cases were to the original tort-feasor only, and did not purport to release all persons from liability for all injuries, known or unknown, as did this particular release.

It must also be borne in mind that the release was executed by appellant sometime after discovery of the aggravating circumstances, and that no fraud or duress precipitated its signing.

The release was an effective bar to appellant's action. Having so determined, we turn to the propriety of summary judgment.

## III.

The pertinent sections of the controlling summary judgment statute are as follows:

(b)  *"For Defending Party.* A party against whom a complaint, counter-claim or cross-complaint is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

(c)  *Motion and Proceedings Thereon.* The motion shall be served at least ten [10] days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(e) *Form of Affidavits—Further Testimony—Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Acts of 1965, Burns' Indiana Statutes § 2-2524.

The statute is taken verbatim from the Federal Rules of Civil Procedure, Rule 56, as amended. Its purpose is to allow the trial court to determine, without the necessity of formal litigation proceeding to unnecessary extremes, the existence of genuine material issues of fact. A finding in favor of a moving party is a finding that he is entitled to judgment as a matter of law.

In this case, appellee moved for summary judgment, and submitted sworn affidavits presenting his defense: the release given by appellant to a third party. Appellant did not affirmatively respond with counter-affidavits, but chose to stand on his pleadings. His pleadings consisted of a complaint and demurrers to appellee's answers which asserted defenses of the release and statute of limitations. The statute clearly provides that one relying solely upon his pleadings shall have summary judgment entered against him. Were this not the rule, a party could render the statute a nullity by standing on his complaint or by asserting an answer in general denial. The Federal Courts do not countenance such tactics, and our legislature has likewise seen fit to safeguard the operation of the Indiana statute in this respect.

The Federal cases cited by appellant, to the effect that summary judgment is not appropriate when a material factual issue is raised by the pleadings, are not controlling here. Federal Rule 56 has been amended since their rendition to deny a party the right to rely on his pleadings alone.

Appellee thus prevails for two reasons. First, the release given by appellant was a good defense, and appellee's affidavits showed thereby the lack of a material factual issue. Second, appellant, by his failure to serve counter-affidavits that might show some factual dispute, has in effect admitted the existence of a complete defense. In any event, appellant's failure to file counter-affidavits gave force to a prima facie showing that appellee, the moving party, was entitled to summary judgment as a matter of law.

Our holdings on the effect of the release and the propriety of summary judgment are consistent with the results of *Clark* v. *Zimmer*, (1961), 290 F. 2d 849. That case is nearly identical to the one at bar. The only significant difference was that the claimant filed counter-affidavits.

Having found no error in the proceedings of the trial court, its judgment is affirmed for the reasons enumerated.

Judgment affirmed.

Cooper, J., Carson, P. J., concur in result.

Faulconer, J., dissenting with opinion.

## DISSENTING OPINION.

FAULCONER, J.—I would sustain appellee's motion to dismiss or affirm on the ground that the transcript and assignment of errors was not filed in this court within 90 days of the entry of summary judgment. I am of the opinion that the granting of a summary judgment as authorized by Acts 1965, ch. 90, § 1, p. 126, § 2-2524, Burns' 1966 Cum. Supp., is not a trial and, therefore, the filing of a motion for new trial is a nullity and does not extend the time for appeal.

Although this is a new question in this State, there is a statute and several decisions of our Supreme Court defining "trial."

"The trial is a judicial examination of the issues, whether of law or of fact, in an action." Acts 1881 (Spec. Sess.), ch. 38, § 371, p. 240, § 2-1901, Burns' 1946, Repl. *State ex rel. Talkington* v. *Hoffman, Judge* (1947), 225 Ind. 475, 477, 76 N. E. 2d 252.

In holding that the ruling on a motion for a new trial in a criminal case is not a part of the trial of an accused, our Supreme Court in *Joseph, Pierce* v. *State* (1957), 236 Ind. 529, at page 540, 141 N. E. 2d 109, 114, defined a trial as "[t]he examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue," quoting from *Bush* v. *State* (1920), 189 Ind. 467, 473, 128 N. E. 443.

"A trial is an investigation under the direction and control of the state for the purpose of discovering the truth and establishing the facts upon which the sentence of the law may be pronounced." *Wyatt* v. *State of Indiana* (1956), 235 Ind. 300, 303, 133 N. E. 2d 471, quoting from *Chicago, etc. R. Co.* v. *Collins* (1924), 82 Ind. App. 41, 54, 142 N. E. 634.

Although one would believe at first blush that the above definitions would cover almost every conceivable action taken in a case, the decisions of our Supreme and Appellate Courts have not so held.

It has been decided in Indiana that there was no trial where judgment was rendered on default; *State ex rel. Hobbs* v. *Claycombe, Judge, etc. et al.* (1954), 233 Ind. 247, 249, 118 N. E. 2d 489; *State ex rel. Lawson* v. *Stodola* (1949), 226 Ind. 631, 632, 82 N. E. 2d 896; *Fisk* v. *Baker* (1874), 47 Ind. 534, 537; where judgment entered upon failure to plead over after court sustains a demurrer; *General Outdoor Advertising Co.* v. *City of Indianapolis* (1930), 202 Ind. 85, 89, 172 N. E. 309; *Schneidt* v. *Schneidt* (1919), 69 Ind. App. 666, 667, 122

N. E. 588; where there is a dismissal of the cause, *Meier, etc.* v. *Soc. Sec. Adm. et al.* (1958), 237 Ind. 421, 422, 146 N. E. 2d 239; and other situations not pertinent to the issue here.

The practice seems to be to accept the introduction of evidence as the beginning of a trial by the court. 22 I. L. E., *New Trial,* § 101, p. 77.

Since we have no decision on this issue in Indiana a review of other jurisdictions which have considered it, although not binding upon us, may prove helpful.

My research reveals that of those States which have decisions on this issue the majority have held that summary judgment is not a trial. *Otteman* v. *Interstate Fire and Casualty Company* (1960), 171 Neb. 148, 105 N. W. 2d 583; *Counne* v. *Saffan* (1956), Fla., 87 So. 2d 586; *Healy* v. *Metropolitan Utilities Dist.* (1954), 158 Neb. 151, 62 N. W. 2d 543; *Weisberg* v. *Perl* (1954), Fla., 73 So. 2d 56, (*Weisberg* case overruled on issue not relevant here in *Floyd* v. *State* (1962), Fla., 139 So. 2d 873.) *Collins* v. *Toombs* (1946), 271 App. Div. 160, 63 N. Y. S. 2d 545; *Wrobel* v. *Call et al.* (1932), 142 Misc. Rep. 610, 255 N. Y. S. 258.

The only federal court decisions on point which have come to my attention also hold that summary judgment is not a trial. *Parmelee* v. *Chicago Eye Shield Co.,* 8th Cir (1946), 157 F. 2d 582; *Prudential Ins. Co. of America* v. *Goldstein,* (E. D. N. Y. 1942), 43 F. Supp. 767.

These cases reason that the proceedings on summary judgment are for the determination of whether or not there is a genuine issue to be tried and that while summary judgment may dispose of all of the issues in the action the proceedings upon which it is based cannot be regarded as a trial, nor are the issues tried.

In jurisdictions which have considered this question only Nebraska appears to also have a statutory definition of a "trial." Indeed, the Indiana and Nebraska statutes defining a

"trial" contain identical words.[1] It also appears that the pertinent part of both summary judgment statutes are identical.

In this regard the Supreme Court of Nebraska in *Otteman* v. *Interstate Fire and Casualty Company, supra,* (1960), 171 Neb. 148, 105 N. W. 2d 583, at page 587, stated:

> "Subsection 25-1333, R.R.S. 1943, contains language from which it appears that the Legislature in the enactment of the summary judgment act attempted to and at least inferentially did distinguish the summary judgment process from a trial. This section is as follows:
>
> " 'If on motion under sections 25-1330 to 25-1336 judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.'
>
> "It is observable that the section twice by inference indicates that the portion of the action which may be disposed of by summary action is not done so by a trial and twice declares specifically that the portion which may not be so disposed of must be submitted at a trial.
>
> "In the light of this the conclusion reached is that an exercise of the process prescribed by the summary judgment act is not a trial within the meaning of that term and a judgment in favor of a movant is not one rendered as the result of a trial."

From a review of those decisions of our Supreme and Appellate Courts wherein they have determined what proceedings constituted a "trial" within the definition contained in our

---

1. See: Section 25-1103, Revised Statutes of Nebraska (1943), (1964 Reissue.)

statute, I am of the opinion that we can, and should, adopt the conclusion reached by the majority of jurisdictions, that proceedings for summary judgment are not a "trial."

NOTE.—Reported in 229 N. E. 2d 828.