BLANK *v.* COMMUNITY HOSPITAL OF INDIANAPOLIS, INC.

[No. 767A30. Filed October 8, 1968. Rehearing denied November 13, 1968. Transfer denied February 18, 1969.]

*Bose, Buchanan, McKinney & Evans,* of Indianapolis, *John Vandivier,* of Danville, *Symmes, Fleming, Ober & Symmes,* of Indianapolis, for appellant.

*William B. Weisell,* of Indianapolis, *Joseph Stevenson,* of Danville, *Locke, Reynolds, Boyd & Weisell,* of Indianapolis, and *Stevenson, Kendall & Stevenson,* of Danville, of counsel, for appellee.

PFAFF, J.—This is an action for damages brought by the appellant, Sarah Ann Carroll Blank, against the appellee, Community Hospital of Indianapolis, Inc., an Indiana Corporation, said damages having resulted from the appellee's alleged negligence in failing to properly read X-rays taken of appellant's chest and informing her of the condition shown by said X-rays.

On. or about September 16, 1958, the appellant applied for a position as a registered nurse with the appellee, and as a condition precedent to her employment she was required to pass a physical examination, which included chest X-rays. After appellant submitted to the first set of X-rays she was

asked to return for additional X-rays to be taken of her chest upon a larger machine. After the completion of the X-ray procedure, appellant received no report from the appellee concerning the results of said X-rays. Appellant continued to work for the appellee as a registered nurse until on or about November 7, 1958, at which time she terminated her employment with appellee. Thereafter she was married to one Dr. Harold Blank and a child was born of this union in March 1961. Upon suffering from reoccurring periods of exhaustion and a weight loss, during the summer of 1961 appellant consulted a doctor for a physical examination. As a part of said examination X-rays were taken which revealed a large cavitory lesion involving a large portion of the right upper lung. Upon learning of said lesion, appellant's doctors checked the X-rays taken by the appellee hospital in October 1958. These X-rays revealed a small infiltrative lesion in approximately the same location. On or about September 22, 1961, appellant was hospitalized and a right upper lobectomy was performed on her on said date. Appellant remained under the care of physicians following the operation up to and including April 17, 1963, the date of the filing of the complaint for damages in this action.

On November 10, 1966, appellee filed a motion for summary judgment, with supporting affidavit, under § 2-2524, Burns' Ind. Stat. Anno. The pertinent part of such motion is as follows:

"Comes now the defendant, Community Hospital of Indianapolis, Inc., and pursuant to Section 2-2524, Burns' Indiana Statutes Annotated, respectfully moves the Court for Summary Judgment in its favor and against the plaintiff for the reason that there is no genuine issue as to a certain material fact either relating to the defendant's defense of the State [sic] of Limitations, or the defense of the exclusive remedy of the Workmen's Compensation Act of Indiana, and thus this moving defendant is entitled to a Judgment in its favor as a matter of law. In support of its within motion, said moving defendant attaches hereto and makes a part hereof, the affidavit of Alys

Kline, this moving defendant's Director of Nursing and exhibits as identified in said affidavit attached thereto."

On November 30, 1966, appellant filed her counter-affidavit in opposition to said motion. After a hearing on the summary judgment motion, the court, on April 20, 1967, entered the following judgment:

"Court being advised, finds that there is no genuine issue as to any defense of the statute of limitations and that plaintiff is barred by said statute, same being Burns' Indiana Statutes Annotated, Section 2-627, and pursuant thereto court now finds for defendant.

"It is, therefore, adjudged that the plaintiff take nothing by her cause of action herein and that she pay costs."

On May 18, 1967, appellant filed a motion for new trial, which, omitting formal parts reads as follows:

"Comes now the plaintiff in the above cause and moves the court for a new trial for the following separate and several reasons:

"(1) That the decision of the court is not sustained by sufficient evidence.

"(2) That the decision of the court is contrary to law.

"(3) Irregularity in the proceedings of the court and error in order of the court as follows:

"'Court being advised, finds that there is no genuine issue as to any defense of the statute of limitations and that plaintiff is barred by said statute, same being Burns' Indiana Statutes Annotated, Section 2-627, and pursuant thereto court finds for the defendant.

"'It is, therefore, adjudged that the plaintiff take nothing by her cause of action herein and that she pay costs.'

"WHEREFORE, Plaintiff prays for a new trial and for all other relief right and proper in the premises."

Said motion was subsequently overruled and this appeal followed.

.Briefly stated, the appellant contends that the above stated facts do not exhibit a professional medical. relationship as required by Acts 1941,· ch. 116, § 1, p. 328, § 2-627,. Burns' Ind. Stat. Anno. ·(1967 Repl.), and even if they did, the statute of limitations does not commence to run until the discovery of the appellant's condition in August 1961.

Section 2-627, *supra,* provides as follows:

"Malpractice — Limitation of actions. — No action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, shall be brought, commenced or maintained, in any of the courts of this state against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless said action is filed within two (2) years from the date of the act, omission or neglect complained of."

It is the opinion of this court that the trial court was correct in awarding the summary judgment on the ground that the suit was filed beyond the period prescribed by the aforementioned statute, thus barring appellant's right to bring this action. A different decision would contravene the statutory language and intent.

Based on the statute cited above, and the reasons stated herein, the judgment in this case is affirmed.

Cook, P.J., not participating; Smith, J., concurs;

Bierly, J., concurs with opinion.

## CONCURRING OPINION

Bierly, J.—While I respectfully concur in this opinion, I desire to make some observations relative to summary judgments. Due to the recent enactment of the Summary Judgment Act, confusion has arisen relative to the applicability of the motion for a new trial by the losing party.

Recent decisions of this court in the cases of *Kapusta v. DePuy Manufacturing Company, Inc.* (1967), 141 Ind. App.

479, 229 N. E. 2d 828, and *Ralph E. Aldridge v. Marianna D. Aldridge and Raymond H. Zirkle* (1968), 142 Ind. App. 289, 233 N. E. 2d 781, are involved as to a motion for a new trial following a summary judgment. (The *Aldridge* case, *supra*, was returned to this court from the Supreme Court in order to comply with the amendment to Rule 2-6).

The Supreme Court recognizing a clarification of a filing of a motion for a new trial following a summary judgment, exercizing its rule making power, on April 22, 1968, enacted and set forth the following amendment to Rule 2-6, as follows:

"IN THE SUPREME COURT OF INDIANA

"IN RE AMENDMENT TO
RULE 2-6

"The Court being duly advised in the premises, now amends Rule 2-6 by adding thereto the following paragraph:

"Provided, however, a motion for a new trial shall not be appropriate for raising error claimed by reason of the entering of a summary judgment. The sustaining of a motion for a summary judgment and the granting of same may be assigned and specified separately in the assignment of errors for consideration on appeal.

"Provided further, however, that in all cases prior to the effective date of this amendment, where a motion for a new trial has been filed following a summary judgment, the parties to said action shall have the same time within which to file a transcript and assignment of errors for appeal as in those cases where a motion for a new trial is proper, and the alleged error if set forth and specified in the motion for a new trial considered on appeal.

"Approved this 22 day of April, 1968.

"/s/ DAVID M. LEWIS
David M. Lewis
Chief Justice"

This amendment of Rule 2-6 definitely states that a motion for a new trial is not applicable following a summary judgment.

NOTE.—Reported in 240 N. E. 2d 562.