ALDRIDGE v. ALDRIDGE ET AL.

[No. 20,709. Filed February 21, 1968. Rehearing denied March 26, 1968. Transfer dismissed March 28, 1969.]

*Bayliff, Harrigan & Cord,* of Kokomo, for appellant.
*Max C. Shirley,* of Kokomo, for appellees.

CARSON, C. J.—This is an appeal from the Howard Superior Court. The action below was brought by the appellant against the trustee for distribution of certain trust funds. The appel-

lee-trustee, filed a counterclaim for fees as trustee and attorney fees for himself. The co-appellee also filed a counterclaim in four (4) paragraphs.

The court below entered a summary judgment in favor of the co-appellee, Marianna D. Aldridge. This summary judgment was entered on the 16th of October, 1966. A motion for a new trial was filed and was overruled by the court on December 1, 1966. The record shows that the transcript and assignment of errors were filed in this court on February 3, 1967.

In the dissenting opinion, in the case of *Kapusta* v. *DePuy Mfg. Co.* (1967), 141 Ind. App. 479, 229 N. E. 2d 828, 832, Judge Faulconer held that a summary judgment was not a trial, and that the transcript and assignment of errors should be filed within ninety (90) days from the date of the entry of the summary judgment by the trial court, and not from the date of the court's ruling on a motion for a new trial.

After an examination of that dissenting opinion and a further review of the authorities in other jurisdictions, and in the Federal Court, we conclude that the motion for a new trial was improper, as the summary judgment proceeding is not a trial. *Collins* v. *Toombs* (1946), 271 App. Div. 160, 63 N.Y.S. 2d 545; *Weisberg* v. *Perl* (1954), Fla., 73 So. 2d 56; *Otteman* v. *Interstate Fire and Casualty Company* (1960), 171 Neb. 148, 105 N. W. 2d 583; *Parmelee* v. *Chicago Eye Shield Co.* (1946), 157 F. 2d 582, 168 A.L.R. 1130.

We conclude, therefore, that the appellant has not complied with the provisions of Rule 2-2 of the Rules of the Supreme Court of Indiana and that, therefore, this appeal should be dismissed.

Appeal dismissed.

Cooper, J. and Faulconer, J., concur.

Prime, J., concurs in result with opinion.

NOTE.—Reported in 233 N. E. 2d 781.

## Concurring in Result

Prime, J.—Appellee Marianna D. Aldridge was granted summary judgment by the trial court, and this appeal questions the correctness of that ruling. We would affirm that judgment. Affirmance would have the same ultimate effect on the parties as a dismissal, but we are of the opinion that this case should be decided on its merits.

Prior to October 11, 1960, Ralph E. and Marianna D. Aldridge held mortgages on real estate in Kokomo, Howard County, Indiana. On that date they entered into an agreement with Raymond H. Zirkle whereby Mr. Zirkle was to act as their attorney in fact for the express purpose of releasing the mortgages, and obtaining proceeds therefrom in cash and notes. The principal parties agreed that they were joint tenants of the notes, mortgages, and proceeds, which were to be held by Mr. Zirkle in trust until such time as Mr. and Mrs. Aldridge agreed upon the method of disbursement. If the details could not be mutually agreed upon, the trustee was to retain possession until a court of competent jurisdiction fixed a means of distribution.

Marianna D. Aldridge was granted a divorce from Ralph E. Aldridge on July 26, 1962, by the Circuit Court of Dade County, Florida. From that time forward, they became tenants in common of the property and money still held by their trustee, Raymond Zirkle, in Howard County, Indiana.

Between December, 1963, and March, 1964, the trustee received the sum of $55,000 in full satisfaction of the note and mortgages. From time to time he has paid a fraction of those proceeds, in equal portions, to the Aldridges, pursuant to their mutual agreement. At the time the original action was commenced, Mr. Zirkle retained a balance of $33,791.66, which was on deposit in his trust account at the Union Bank and Trust Company in Kokomo.

The original action was brought in the Howard Circuit Court, which had jurisdiction over the subject matter and the

defendants, by Ralph E. Aldridge to compel payment over to him of $16,895.83, representing exactly one-half the funds held in trust. Named in that action as defendants were Marianna D. Aldridge and Raymond H. Zirkle.

Counter claims were filed by both defendants. Raymond H. Zirkle prayed for a reasonable sum for his services as trustee. Marianna D. Aldridge prayed for half of the funds held in trust, which may be described as the portion to which appellant Ralph E. Aldridge has not laid claim. Mrs. Aldridge's cross-complaint also contained separate paragraphs praying for past and future support for two minor children born during the marriage of the principal parties, and for a separate property settlement.

The trial court granted summary judgment upon appellees' motions in these particulars: Raymond H. Zirkle was to receive $500 for his services as trustee and attorney for trustee, and Marianna D. Aldridge the sum of $16,645.83 as her one-half share of the funds remaining after diminution by the trustee fees.

The Indiana Summary Judgment Statute, Acts of 1965, Ch. 90, Burns' Indiana Statutes § 2-2524, is determinative of the questions presented by this action. Particularly:

> "If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." § 2524 (d).

A more appropriate case for the granting of summary judgment is difficult to imagine. The sum awarded to Mrs.

Aldridge is precisely the one-half to which Mr. Aldridge disclaimed ownership, after diminution by nominal, and proper, trustee and attorney fees. Mr. Aldridge's claim is stated in his complaint:

> "3. That prior to the divorce, the plaintiff and the defendant, Marianna D. Aldridge, held the notes and mortgages jointly, but that with the divorce, the ownership in said notes and mortgages was that of tenants in common, each entitled to one-half of the proceeds thereof, . . ."

Mr. Aldridge frankly expresses the fear that his share of the total fund may approach zero, assuming that Mrs. Aldridge successfully pursues the other portions of her cross-complaint.

If any liability results, however, it would certainly not be assessed against Mrs. Aldridge's share. The actions are separate. It may be that the liability, if any be found by the trial court to exist, would be paid from the only funds subject to the trial court's jurisdiction. That contingency is no more than a coincidence; it can have no effect upon a previously adjudicated matter. We are aware of no rule of law that limits the amount of liability to the net of a defendant's solvency.

This court has recently held that summary judgment proceedings constitute a trial, for purposes of determining the point in time from which the ninety-day period for commencing appeals begins. *Kapusta* v. *DePuy Mfg. Co.* (1967), 141 Ind. App. 479, 229 N. E. 2d 828, 11 Ind. Dec. 277.

While no court should pay blind and uncompromising fealty to the principles of stare decisis, it would seem that judicial precedent might be allowed to remain extant long enough to be digested by bench and bar. The majority holding implicitly overrules Kapusta, handed down some five months ago.

The judgment of the trial court should be affirmed.

NOTE.—Reported in 233 N. E. 2d 781.