ROY DECKARD *v.* FRANK C. MATHERS.

[No. 372A121.  Filed June 21, 1972.  Rehearing denied August 4, 1972.
Transfer denied December 13, 1972.]

*Kenneth L. Nunn,* of Bloomington, for appellant.

*William H. Andrews*, Baker, Barnhart, Andrews, Baker & Mann, of Bloomington, for appellee.

LOWDERMILK, J.—This appeal comes to us from a summary judgment granted in the trial court against defendant-appellant on his counterclaim in four Paragraphs in an action originally filed by plaintiff-appellee in ejectment for the recovery of the second floor, or apartment, in a building in Bloomington, Indiana.

Plaintiff-appellee did, on October 9, 1970, file a motion to strike, a motion to dismiss or in the alterative a motion for summary judgment on all four Paragraphs of Deckard's counterclaim. These pleadings, including the motion for summary judgment, were supported at that time by several exhibits, plus two affidavits in support of the motions.

Defendant-appellant did not file any exhibits, nor did he file any counter-affidavits. However, he did file two unverified motions in opposition to the pleadings, challenging the motion to dismiss and the motion for summary judgment.

The trial court set the motions for oral argument on November 30, 1970, oral arguments were had on the motions filed by plaintiff-appellee, including the motion for summary judgment. Defendant-appellant, Deckard, at the time of the oral arguments, requested permission of the court to testify under oath in opposition to the motion for summary judgment and the motion to dismiss. Permission to give oral testimony at the time of the argument on the motions was refused by the court. At the conclusion of the hearing the court took its findings on the motions under advisement and granted the parties additional time in which to file affidavits or other written instruments of proof.

Thereafter, on December 9, 1970, plaintiff-appellee accepted the court's generosity and filed a supplemental memorandum in support of plaintiff's motion to dismiss, or in the alternative, motion for summary judgment. The record discloses that the defendant-appellant did not at any time file any affidavits or any documentary evidence to sustain his position

that there was a material issue of fact presented to the court in the cause.

On March 18, 1970, the trial court sustained the plaintiff's motion for summary judgment on defendant's counterclaim and entered a summary judgment thereon in favor of the plaintiff-appellee.

The findings show that the court considered the motion to dismiss the counterclaim and in the alternative the motion for summary judgment, pursuant to Rule TR. 12(B), and also showed he had considered all the other Paragraphs of the counterclaim and being fully advised in the premises, found the following facts to be uncontroverted and established.

In the interests of brevity we will not set out the findings and judgment of the trial court in full, but they will be paraphrased as follows, to-wit:

1. On May 24, 1969, the parties entered into a conditional sales contract. Shortly thereafter, the parties agreed to an addendum thereto by which the plaintiff-appellee agreed to sell defendant-appellant real estate in the City of Bloomington.

2. That defendant-appellant executed a quitclaim deed to said real estate to the City of Bloomington, Monroe County, Indiana, releasing all his interests and rights in and to said conditional sales contract for said real estate between appellant and appellee.

3. Defendant-appellant left certain personal property on the premises after the execution of the quitclaim deed; that a part of said items of personalty were repossessed by a loan company and resold to plaintiff-appellee and said company executed a bill of sale to him; that the balance of personal property set out in the counterclaim has been removed by defendant-appellant from said real estate or was not about the premises when the plaintiff took possession, or is not the property of the defendant-appellant.

4. Defendant-appellant has been notified by plaintiff-appellee to pick up his property and failed to do so.

5. There was no contract, written or oral, obligating plaintiff-appellee to pay defendant-appellant for defendant's labor.

"And the Court further finds that there is no genuine issue of fact to be submitted to the trial court on the Defendant's Counterclaim, and that the Plaintiff is entitled to a Summary Judgment as a matter of law on the Defendant's Counterclaim.

"And the Court further finds that Plaintiff's Motion to Strike Defendant's Claim for exemplary damages and Defendant's Motion in Opposition thereto is made moot by the foregoing findings and the Judgment of the Plaintiff herein.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim is in all respects granted.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that Defendant's Motion in Opposition to Plaintiff's alternative Motion for Summary Judgment is overruled. * * *"

On the last day to file a motion to correct errors, namely, May 17, 1971, defendant-appellant filed a motion to vacate judgment, with supporting affidavits, and also filed a motion to correct errors, each of which motions was by the court overruled on December 9, 1971, with the court first overruling the defendant's motion to set aside the judgment entry and next overruling the motion to correct errors.

The motion to correct errors was brought under Rule TR. 59 and alleged that the court's findings were contrary to the evidence and contrary to law. This was followed by a memorandum consisting of five parts.

Part, or specification, 5, sets out that a hearing was held on November 30, 1970, on the motion for summary judgment and the court refused defendant-appellant the right to testify orally in support of his counterclaim and his other motions. He further admits that he failed to prepare and present his affidavit in support of his case against said plaintiff-appellee.

He sets out the entry of the judgment of March 18, 1971, and further states:

".. . The defendant, by mistake, failed to prepare and present said affidavits. On May 17, 1971, within 60 days after said judgment entry, the defendant filed an affidavit in support of each and every allegation in his counterclaim against said plaintiff. Trial Rule 60 of the Indiana Rules of Civil Procedure provides relief from judgment due to mistake, surprise, or excusable neglect. . . ."

Defendant-appellant has argued three points, which he contends are reversible error. Pursuant to Rule AP. 8.3(A)(7), this court is not required to touch on any questions other than those saved in the argument section of his brief and we shall now proceed to pass on the three questions saved, which are:

1. The court committed reversible error when it refused to allow defendant to testify at the hearing on the plaintiff's motion for summary judgment.

2. The court committed reversible error in overruling the defendant-appellant's motion to set aside judgment where said motion was supported by defendant's affidavit demonstrating that a genuine issue as to material facts existed between the parties.

3. The court committed reversible error in overruling the defendant-appellant's motion to correct errors.

In his argument section, specification 1, defendant-appellant contends that the trial court committed reversible error in refusing to allow defendant to testify at the hearing on plaintiff's motion for summary judgment. To support his contention he relies on Rule TR. 56(C), which is under summary judgment and which states, in part:

". . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

Defendant-appellant did not go far enough, for Rule TR. 56(E) provides, in part:

". . . The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, further affidavits, or, *within the discretion of the judge, testimony of witnesses*. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. . . ." (Our emphasis.)

This court takes judicial notice of the fact that the Monroe Circuit Court handles a large volume of business. We also know that Judge Hill is a very fair and compassionate judge and works hard at keeping the work of his court current. This was emphasized, as was his fairness, in granting the parties, and especially the defendant-appellant, time in which to file supplemental or amended pleadings, discovery evidence or affidavits. In fact, the trial court waited three and one-half months and defendant-appellant did nothing to support his motion in opposition to the motion for summary judgment and it was after this period of time that the trial judge ruled as he did.

Pursuant to Rule TR. 56(E) there can only be one construction placed on the authority of the trial court to hear testimony of witnesses during an argument on summary judgment and the Rule is so clear that it actually needs no citation of authority that it is solely within the discretion of the trial judge whether or not he permits witnesses to testify.

Defendant-appellant failed to cite in the argument section of his brief any case or authority to establish an abuse of discretion by the trial judge.

In our opinion, there was no abuse of discretion by the trial judge in not permitting the defendant-appellant to

testify, as a motion for summary judgment is not a trial. The argument on a motion for new trial is to advise the court and the purpose of a motion for summary judgment is to avoid a trial where there is no issue as to a material fact. Had defendant-appellant had this information in affidavit form and presented it to the court and tendered a copy to the adverse party there would have been no reason for hearing evidence. It might or might not, depending on the case, be grossly unfair to a party who goes in to argue pleadings, et cetera, on a motion for summary judgment and be confronted by witnesses who he knows nothing about and has no knowledge as to what their evidence may be and has no time to prepare for cross examination. Such is certainly not within the spirit of the new Supreme Court Rules.

The 1969 primer on Indiana Rules of Procedure which was put out by those preparing the Rules prior to their becoming binding on the courts, discussed this very problem at page 225. The primer said that the testimony of witnesses at the summary judgment hearing is within the discretion of the trial judge.

In the case of *Chan Wing Cheung* v. *Hamilton,* 1 Cir. 1962, 298 F. 2d 459, at page 460, the court, in discussing Federal Rule of Procedure 56, from which ours was modeled, in speaking of the taking of evidence on a motion for summary judgment, said that the rule itself refers only to affidavits and depositions (Rule 56(e)), although in practice this may have been extended. The court there said, in citing *Yung Jin Teung* v. *Dulles,* 2 Cir., 1956, 229 F. 2d 244:

". . . Moreover, receiving evidence at the hearing, as distinguished from affidavits or depositions normally required to be filed 'at least 10 days before' (Rule 56(c)), may place the opposing party in an unfair position. *There is a substantial difference between accepting matters at the hearing which show that an issue of fact exists, and taking evidence in support of the motion at the last minute when there is no opportunity to rebut. . . .*" (Our emphasis.)

Defendant-appellant's second specification of error is the court's overruling his motion to set aside the judgment where said motion was supported by defendant's affidavit demonstrating that a genuine issue as to material fact existed between the parties.

He relies on Rule TR. 60 (B) (1) of the Indiana Rules of Civil Procedure, which provides:

"(B)  Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:
  "(1)  mistake, surprise, or excusable neglect;"

He next contends that he did not prepare affidavits for submission to the trial court on November 30, 1970, (that being the date of the argument on the motion for summary judgment) because he mistakenly believed that:

"1.  He would be permitted to offer sworn, oral testimony in open Court in opposition to Plaintiff's Motion for Summary Judgment.
"2.  The memoranda of law and motions in opposition to Plaintiff's Motion for Summary Judgment would be sufficient to demonstrate to the Court that a genuine issue as to material fact existed between the parties.
"3.  The oral argument itself would be sufficient to demonstrate to the Court that a genuine issue as to a material fact existed between the parties."

He now contends that the court's refusal to permit oral evidence was a surprise to the defendant and forced him to rely on oral arguments made by his attorney and the memoranda filed with the court to demonstrate the existence of a genuine issue of material fact.

In answer to this, we can only say that it is our opinion that if defendant-appellant's attorney was surprised when the court ruled as it did, he had failed to read Rule TR. 56 (E).

This contention of defendant-appellant raises a new issue

which is not on a petition for summary judgment which the court would be considering and weighing the evidence to pass on as it did after the argument on November 30, 1970. It must be remembered in discussing the matter of surprise, that defendant-appellant waited three and one-half months from the time he was given time to get his record in shape after being refused permission to give oral testimony before the court ruled. This ruling by the court was sufficient advice and help to defendant-appellant to alert defendant-appellant to support his statements by affidavits, in compliance with the Rule. Still, he waited an additional sixty days, or two months, for a total of five and one-half months, and which was the last day to file his motion to correct errors before he filed anything further. This cannot be said to be a surprise or excusable neglect.

Defendant-appellant relies on the case of *Kapusta* v. *DePrey* (1967), 141 Ind. App. 479, 229 N. E. 2d 828, in which he says that that case made it clear that a party opposing a motion for summary judgment cannot rest on his pleadings to demonstrate the existence of a dispute as to material facts. With that we agree.

(By way of dicta, this court wishes to state at this time that in the case of *American States Ins. Co.* v. *State ex rel. Jennings* (1971), 268 N. E. 2d 307, this court, at page 310, said:

" 'Thereafter, in the case of *Aldridge* v. *Aldridge* (1968), [142] Ind. App. [289], 233 N. E. 2d 781, this Court reversed the position it had previously taken in *Kapusta, supra,* and *held that a motion for new trial was improper, as the summary judgment proceeding is not a trial. . . .'* (Our emphasis.)"

However, the proper method now to perfect an appeal from a summary judgment proceeding is to file a motion to correct errors. Otherwise, the appellant will waive his right to appeal.)

Defendant-appellant in filing the motion to set aside the

judgment where the motion was supported by defendant's affidavit which he claims demonstrated that a genuine issue as to material fact existed between the parties appears to this court to be an attempt to get back into the ballgame through a hole in the outfield fence.

The court had already ruled, and we think correctly, on the motion for a summary judgment, and it is well known in Indiana that you are only permitted to raise the one question the one time in the trial and are not entitled to raise it again in another manner after the court has ruled against you.

There must be an end to litigation and in the interest of finality of judgments this court cannot sanction and approve reopening the same issue by filing another pleading after the pleader had sat idly by for five and one-half months. Apparently, defendant-appellant felt that this motion would be overruled as he filed it on the same day and apparently before he filed his motion to correct errors.

Defendant-appellant cites several cases in his brief which correctly state the law on summary judgment and with which we agree, but they are of no help to him and we do not feel it necessary to set them out or discuss them, as he already had his day in court, had been given an opportunity by the trial judge to get his record in shape and did not take advantage of the opportunity so given. Defendant-appellant says in his brief:

". . . When Defendant discovered that this was a mistaken interpretation of Rule 56, he filed, on May 17, 1971, an affidavit setting forth the information he would have testified to had he been allowed to do so on November 30, 1970. He also filed a Motion to Set Aside Judgment because of Mistake, Surprise, and Excusable Neglect. The defendant thus did all he could do to demonstrate that a genuine issue as to material fact existed. The Monroe Circuit Court overruled this motion. While it must be admitted that on March 18, 1971, the Monroe Circuit Court had no information before it that demonstrated the existence of a genuine issue as to material fact, it must be

emphasized that such compelling evidence in the form of the Defendant's affidavit was placed before the Court on May 17, 1971. It is the Defendant's contention that one appraised [sic] of facts contained in the affidavit and confronted by a wholly reasonable explanation for their not having been presented earlier, the Court had no choice but to vacate the summary judgment of March 18, 1971."

This court feels that this statement has no merit and is unavailing to the defendant-appellant who, in our opinion, was guilty of laches.

Defendant-appellant further relies on Rule TR. 60(D) [sic— (B)](1) which he says is a new statement of a well established rule of law that a party is not to be denied a trial on the merits of his claim because of a technical error mistakenly made. Defendant in his brief says further:

". . . While the Defendant still contends that the Court contributed to his error by failing to allow him to testify to it in the summary judgment hearing. He admits his mistake in relying on his pleadings and oral arguments as a substitute therefore. [sic] However, the Defendant-Appellant urges this Court to accept as his contentions that such reliance was at worst, excusable neglect or mistake of the type mentioned in Rule 60(D) [sic] (1). . . ."

He cites the case of *Continental Insurance Company* v. *Sickels* (1969), 252 N. E. 2d 439, pertaining to excusable neglect. We have no argument with that case, but can only again reiterate that the case at bar is a case of neglect, but not *excusable neglect.* Defendant-appellant further relies on the treatise of Professor William F. Harvey on the Indiana Rules of Civil Procedure (Indiana Practice, Rules of Procedure Annotated, Vol. 4, 1971, West Publishing Co.), which says, at page 210:

". . . Any reasonable mistake or neglect should serve as a basis for relief under Rule 60(B) (1), with a big emphasis upon the reasonableness of the act or commission *so long as it is established by facts showing that the party or his attorney is not guilty of wilful, deliberate or reckless conduct causing the judgment to be entered.*"

In our opinion, reasonable men could not possibly come to the conclusion that the defendant-appellant was excusably negligent in his conduct and handling of this case.

Specification 3 is that the court committed reversible error in overruling defendant's motion to correct errors.

This specification is, in part, a reiteration of the argument heretofore set out in specifications 1 and 2 of his motion to correct errors in the argument section of his brief and which we have herein answered.

It is unnecessary for us, therefore, to further consider specification 3 for the above reasons and, additionally, that it fails to comply with Rule AP. 8.3(A)(7).

For the above and foregoing reasons the judgment of the trial court is hereby affirmed.

Robertson, P.J., concurs; Lybrook, J., concurs.

NOTE.—Reported in 284 N. E. 2d 92.