[No. 18644-0-III. Division Three. October 23, 2001.]

RONALD C. LANDBERG, SR., ET AL., *Appellants*, v. JOHN L. CARLSON, *Respondent*.

*Ronald C. Landberg* and *Kathleen L. Landberg*, pro se.
*Michael J. McLaughlin*, for respondent.

BROWN, J. — Ronald Landberg, Sr., and his sister Kathleen L. Landberg claimed an easement across John L. Carlson's land. After refusing to consider the Landbergs' offer of oral testimony made for the first time at the hearing on Mr. Carlson's summary judgment motion, the trial court dismissed the Landbergs' suit and awarded Mr. Carlson attorney fees. Because the Landbergs failed to give notice before requesting oral testimony, the trial court did not err. Because the Landbergs failed to establish the unity of title

element of an implied easement, we affirm, but vacate the attorney fee award because it is unsupported in this record.

## FACTS

Mr. Landberg owns three parcels of real property in Pend Oreille County. Ms. Landberg owned an adjoining fourth parcel. Ms. Landberg's parcel was lost to Mr. Carlson following bankruptcy proceedings when Mr. Carlson foreclosed on a security instrument. The Landbergs filed a lis pendens, and then a pro se complaint against Mr. Carlson alleging various tort claims and an "existing easement" across Mr. Carlson's newly acquired real property.

The trial court denied Mr. Carlson's CR 12(b)(6) motion to dismiss the easement matter, but granted the motion with regard to the Landbergs' other claims. The trial court also advised the Landbergs to "get some kind of legal help" on their easement claim. Report of Proceedings (RP) (Dec. 31, 1998) at 12.

Mr. Carlson then filed a properly supported summary judgment motion. The Landbergs failed to respond with any pleadings, affidavits, depositions, or other documentation. At the summary judgment hearing, the Landbergs used aerial maps to explain why they needed the easement and offered a neighbor's testimony. The trial court granted summary judgment to Mr. Carlson after noting the absence of affidavits or other admissible opposing documentation and declined to consider the Landbergs' tardy offer of oral testimony. The court stated:

> What I'm telling you that this motion for summary judgment is controlled and my actions are controlled by Rule 56 of the Civil Rules. If you read that rule, then I am required to decide this only on affidavits. So my hands are tied. I am not allowed to consider anything outside the affidavits and the, of course the legal memoranda and the legal arguments that are made. I am not allowed to consider factual matters that are not reduced to affidavits for the hearing.

RP (Apr. 15, 1999) at 18-19.

The Landbergs unsuccessfully sought reconsideration. The trial court dismissed the easement claim, terminated the lis pendens, and, without explaining its reason, awarded Mr. Carlson $750 in attorney fees. The Landbergs appealed.

## ANALYSIS

### A. Oral Testimony at Summary Judgment Hearing

The issue is whether the trial court erred as a matter of law when refusing to consider the Landbergs offer of oral testimony made for the first time at the summary judgment hearing.

■■ " 'The function of summary judgment is to determine whether there is a genuine issue of material fact requiring a formal trial.' " *Chase v. Daily Record, Inc.*, 83 Wn.2d 37, 42, 515 P.2d 154 (1973) (quoting *Leland v. Frogge*, 71 Wn.2d 197, 200, 427 P.2d 724 (1967)). "Summary judgment is a procedure for testing the existence of a party's evidence." *Cofer v. County of Pierce*, 8 Wn. App. 258, 261-62, 505 P.2d 476 (1973). In a summary judgment hearing, " '[t]he evidence before the judge is that contained in the pleadings, affidavits, admissions and other material properly presented.' " *Chase*, 83 Wn.2d at 42 (quoting *Leland*, 71 Wn.2d at 200).

■ CR 56 generally governs summary judgment procedures in Washington courts. CR 56(c) provides that a party opposing a summary judgment motion "may file and serve opposing affidavits, memoranda of law or other documentation not later than 11 calendar days before the hearing." Application of a court rule to the facts is a question of law subject to de novo review on appeal. *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001).

■ "The word 'may' usually implies 'permissive, optional, or discretional, and not mandatory action or conduct.' " *State v. Pineda-Guzman*, 103 Wn. App. 759, 763, 14 P.3d 190 (2000) (quoting BLACK'S LAW DICTIONARY 979 (6th ed.

1990)), *review denied*, 143 Wn.2d 1021 (2001). The Landbergs contend CR 56(c) permits oral testimony at the summary judgment hearing.

In Washington, a trial court may allow oral testimony at a summary judgment proceeding. *See Leland*, 71 Wn.2d at 202 (noting prevailing appellant relied not upon affidavits but upon other evidence including testimony); *Lampson Universal Rigging, Inc. v. Wash. Pub. Power Supply Sys.*, 44 Wn. App. 237, 241, 721 P.2d 996 (1986) (upholding use of evidentiary hearing to resolve summary judgment motion).

In this connection, CR 43(e)(1) states: "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions." Some federal courts interpreting the federal counterpart to Rule 43(e) have held that it is applicable to summary judgments notwithstanding the lack of similar language in Rule 56(c). *See, e.g., Hayden v. First Nat'l Bank of Mt. Pleasant, Tex.*, 595 F.2d 994, 997 (5th Cir. 1979). State courts in several jurisdictions have applied similar reasoning in allowing oral testimony in summary judgment hearings. *See, e.g., Deckard v. Mathers*, 152 Ind. App. 440, 284 N.E.2d 92, 96 (1972); *Daniels v. Paddock*, 145 Mont. 207, 399 P.2d 740, 743 (1965); *Summers v. Am. Reliable Ins. Co.*, 85 N.M. 224, 511 P.2d 550, 552 (1973); *Dudley v. E. Ridge Dev. Co.*, 694 P.2d 113, 114-15 (Wyo. 1985).

Moreover, a number of these courts have reasoned that a trial court's decision whether to allow oral testimony at a summary judgment hearing is discretionary. *See, e.g., Deckard*, 284 N.E.2d at 96; *Summers*, 511 P.2d at 552; *Dudley*, 694 P.2d at 114-15. The language of CR 43(e)(1) further supports this proposition when it states that the trial court "may" allow oral testimony at a hearing on a motion. *See also Summers*, 511 P.2d at 552 (noting that a motion for summary judgment "is, after all, a motion," and the New Mexico version of CR 43(e) "permits the court to

hear oral testimony at a hearing on a motion"). *But see Golay v. Loomis*, 118 Idaho 387, 797 P.2d 95, 99 n.3 (1990) (reasoning Idaho Rule 56 does not permit oral testimony at summary judgment hearing notwithstanding permissive language of Idaho Rule 43(e)). Given the foregoing, we consider the better practice is to allow trial court discretion to permit oral testimony at a summary judgment hearing.

█ Here, the record affords the Landbergs the latitude to argue that the trial court mistakenly believed it lacked discretion to allow oral testimony as a matter of law under Rule 56(c). Nevertheless, the trial court's decision to reject such testimony was correct because the record supports other proper grounds for rejecting the tardy request for oral testimony. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).

No notice was given beforehand that the Landbergs intended to rely on oral testimony. CR 56(c) requires the party opposing summary judgment to file and serve responsive pleadings and other documentation "not later than 11 calendar days before the hearing." *See also McBride v. Walla Walla County*, 95 Wn. App. 33, 37, 975 P.2d 1029, 990 P.2d 967 ("The trial court was not required to consider the declaration because it was untimely."), *review denied*, 138 Wn.2d 1015 (1999).

Under CR 56(f) the trial court may deny summary judgment or order a continuance if the party opposing summary judgment can show, *by way of affidavit*, that he is unable, "for reasons stated, [to] present by affidavit facts essential to justify his opposition." Illustratively, courts in other jurisdictions have noted an element of unfair surprise that oral testimony could inject into a summary judgment proceeding. *See Hayden*, 595 F.2d at 997; *Deckard*, 284 N.E.2d at 96; *Summers*, 511 P.2d at 552; *Dudley*, 694 P.2d at 115 (citing *Summers* with approval). Prior notice that a party intends to rely on oral testimony would give the opposing side a fair opportunity to prepare a response. *Hayden*, 595 F.2d at 997. And the proponent of such testimony should make a sufficient offer of proof. *Dudley*, 694 P.2d at 115.

CR 43(e) provides guidance for trial courts confronted with the problem of whether to allow oral testimony at a summary judgment hearing. First, CR 43(e)(1) lends support for our conclusion that a trial court has the discretion to allow oral testimony at a hearing on a summary judgment motion. Next, CR 43(e)(2), referring to injunctions, etc., provides that "[o]ral testimony shall not be taken on such hearing unless permission of the court is first obtained and notice of such permission served upon the adverse party at least 3 days before the hearing."

Logic and common sense require a ruling in advance of a summary judgment hearing to permit oral testimony. At such time, the court may consider why affidavit, deposition, interrogatory, or other similar evidence is unavailable and whether a continuance may be necessary as provided by CR 56(f). And, CR 56(f) requires a proper motion supported by affidavit.

Here, Pend Oreille County follows the Douglas County local rules (LR). Douglas County LR 56(j) requires "[a]ny material offered at a time later than required by this rule over objection of counsel shall not be accepted and considered by the court except upon the imposition of appropriate terms and sanctions . . . ." Further, LR 56(j) requires "any motion for summary judgment or responsive pleadings to a motion for summary judgment shall list and identify all evidence the Court should consider." This local rule prescribes adequate notice in advance of the summary judgment hearing. Our record indicates no advance warning to the court or Mr. Carlson. Accordingly, under our facts the trial court did not, as a matter of law, err when refusing oral testimony offered by the Landbergs for the first time at the summary judgment hearing.

## B. Unity of Title

The issue is whether the trial court erred in entering summary judgment in favor of Mr. Carlson and concluding

the necessary element of unity of title was lacking. An appellate court reviewing an order of summary judgment conducts the same inquiry as the trial court. *Pulcino v. Fed. Express Corp.*, 141 Wn.2d 629, 639, 9 P.3d 787 (2000). Summary judgment is proper if the pleadings and evidence, viewed in a light most favorable to the nonmoving party show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

An easement may exist under a multitude of legal and equitable theories. *See generally* 17 WILLIAM B. STOEBUCK, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW §§ 2.3-2.8 (1995). The theory applicable here is an easement implied from prior use. 17 STOEBUCK, *supra*, § 2.4.

An implied easement may exist when there is (1) a unity of title and subsequent termination of two parcels of property; (2) apparent and continuous use of a quasi easement for the benefit of one parcel to the detriment to the other during the unity of title; and (3) a reasonable degree of necessity for the existence of the easement after severance. *Hellberg v. Coffin Sheep Co.*, 66 Wn.2d 664, 668, 404 P.2d 770 (1965). " 'Unity of title and subsequent separation is an absolute requirement.' " *Hellberg*, 66 Wn.2d at 668 (quoting *Adams v. Cullen*, 44 Wn.2d 502, 505, 268 P.2d 451 (1954)). The two remaining elements aid in determining the intent of the parties as represented by the extent of use, the nature of the property, and the relation of the severed parcels to each other. *Hellberg*, 66 Wn.2d at 668.

As Mr. Carlson correctly notes, the Landbergs presented nothing in the way of affidavits or documentary evidence to support their claim. By contrast, the evidence Mr. Carlson submitted shows Mr. Landberg and his wife acquired three separate and contiguous parcels of land in 1966 (parcels 1, 2, and 3). In 1984, Ms. Landberg and another Landberg relative not a party to this action acquired another parcel (parcel 4) that adjoined parcel 3. According to Mr. Carlson's counsel, in 1995, Mr. Carlson loaned the Landbergs approximately $35,000, secured by a deed of trust to parcel 4. The Landbergs subsequently defaulted on the loan and Mr.

Carlson acquired parcel 4 via trustee sale.

 Mr. Carlson argues no unity of title exists because the Landbergs acquired their four parcels from different sellers. We agree no unity of title exists, but for a different reason. Mr. Landberg and Ms. Landberg owned lots 3 and 4 separately. The record contains no evidence indicating that either appellant had an interest in his or her sibling's property. Indeed, at the summary judgment hearing, Mr. Landberg stated with regard to parcel 4: "I've never had any interest in this parcel. Never owned this parcel. It never was part of the bankruptcy or the loan on this parcel. This was my sister's and the rest of the family." RP (Apr. 15, 1999) at 14-15. Because the Landbergs have not shown that unity of title existed between parcels 3 and 4, they cannot establish a prima facie element of an easement by implication. *Hellberg*, 66 Wn.2d at 668. Accordingly, the trial court did not err in granting summary judgment to Mr. Carlson.

## C. Attorney Fees

 The trial court awarded Mr. Carlson attorney fees. In Washington, a prevailing party may recover attorney fees authorized by statute, equitable principles, or agreement between the parties. *Wiley*, 143 Wn.2d at 343. If such fees are allowable at trial, the prevailing party may recover fees on appeal as well. RAP 18.1; *see also Ur-Rahman v. Changchun Dev., Ltd.*, 84 Wn. App. 569, 576, 928 P.2d 1149 (1997).

Mr. Carlson contends he is entitled to attorney fees under the deed of trust. We disagree. The deed of trust is irrelevant to the Landbergs' easement claim. No document in this record supports an award of attorney fees.

Alternatively, Mr. Carlson contends he is entitled to attorney fees for defending a frivolous appeal. RAP 18.9(a). While the Landbergs do not prevail, their appeal is not so devoid of merit as to be frivolous. Further, we can discern no basis in law or equity for the trial court's fee award.

Accordingly, we vacate the trial court's fee award apart from statutory fees.

Affirmed; attorney fee award vacated.

KURTZ, C.J., and SCHULTHEIS, J., concur.