**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| MILO BURROUGHS, | No. 48078-6-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| WESTERN AIRPARK ASSOCIATION, | |
| Respondent. | |

BJORGEN, C.J. — Milo Burroughs appeals from a superior court judgment that Western Airpark Association (Western Airpark), a homeowners' association, has authority to restrict his use of its aircraft runway and to penalize him for future violations. Burroughs argues that (1) Western Airpark does not have "standing" to defend this appeal, (2) the trial court committed error by not determining that all of Western Airpark's evidence was hearsay, (3) the trial court judge, Western Airpark's trial attorney, and the custodian of records for Thurston County Superior Court forged documents related to this appeal, (4) the trial court erred by failing to require the preservation of evidence after trial, and (5) the trial court's findings of fact and conclusions of law are not supported by substantial evidence. In turn, Western Airpark seeks costs in this appeal under an attorney fee provision in its covenants.

We hold that all of Burroughs' arguments on appeal are untimely and that Western Airpark is entitled to reasonable attorney fees on appeal. Accordingly, we award attorney fees to Western Airpark and dismiss Burroughs' appeal as untimely.

FACTS

Western Airpark is a homeowners' association that manages an active airplane runway. Several of the Western Airpark homeowners own and use airplanes on the runway. Western Airpark is governed by a series of covenants, conditions, restrictions, and bylaws that cover the use of its property, define the power of its officers, and establish procedures for enforcing and changing its rules. Western Airpark's bylaws authorize its board of directors to adopt rules regarding the use of the runway and to establish penalties to enforce those rules.

Burroughs is a homeowner within the Western Airpark subdivision. In September 2012, Western Airpark began receiving complaints that Burroughs was walking on the runway. In February 2013, Burroughs was nearly struck by a landing aircraft as he was walking along the runway. Richard Fernalld, Western Airpark's president, communicated with Burroughs about the hazards of walking on the runway and suggested that Burroughs walk along other roads. On February 24, Western Airpark's board of directors sent a letter to Burroughs asking him to refrain from walking on the runway.

Burroughs continued to walk on the runway. On July 20, 2013, the board of directors sent Burroughs another letter stating:

> The Board of Directors[] has previously discussed with you the hazards of walking on the runway at Western Air Park [sic]. You have been asked to not walk on the runway as you have caused about 9 near misses/go-arounds by aircraft landing or departing. During your walks on the runway: 1) you are continually looking down, 2) you wear a hooded sweatshirt/jacket, 3) you appear to not be able to hear approaching aircraft, 4) you are not wearing a bright colored vest, 5) you are not looking around for landing/departing aircraft and, 6) you do not have another adult accompanying you when on the runway.
>
> You have caused aircraft to go-around and when told by other residents of the airport, you have become hostile and belligerent toward them. A Board member and homeowner delivered a letter to you dated February 24, 2013 explaining the hazard you are creating. You were asked to walk on Aero Lane and you have refused. The Board has also sent a letter to all residents and condo hangar owners

expressing the need for more vigilance when in or near the runway environment. [The Board of Directors] has also installed signs explaining the hazards associated with the runway environment. Milo, our runway is an <u>active aircraft</u> runway. No one in this airport community wants to have you or someone else injured or killed due to a person on the runway.

Clerk's Papers (CP) at 7. The letter further explained that the board of directors was restricting Burroughs' runway privileges, that he would be fined $500 each time he walked on the runway unescorted by an adult, and that Burroughs had 30 days to appeal the board of directors' decision.

On July 24, Burroughs filed a request for a restraining order and suspension of Western Airpark's restrictions and fines in superior court, arguing that Western Airpark did not have "police powers" and consequently it had no authority to restrict his ability to walk on the runway or to penalize him for doing so. A pretrial conference was scheduled for May 2014, but Burroughs failed to appear and the pretrial conference was rescheduled to September 2014. Burroughs also failed to appear for the second pretrial conference, under the belief that "[s]ince the record has long since closed on our Bench Decision request there is no apparent reason for a trial conference." CP at 66.

Burroughs did not appear for trial on October 20, 2014. The superior court noted that "Mr. Burroughs indicated that he was under the impression the Court could review documents and make a decision on this case without a trial." Verbatim Report of Proceedings (VRP) at 4-5. Western Airpark presented its case and the court ruled in its favor, finding that Western Airpark acted within its authority in restricting Burroughs' privileges and awarding $4,393 to Western Airpark for attorney fees based on a fee recovery provision in its covenants and articles of incorporation. The trial court's judgment, entered October 20, 2014, stated:

> Article 9, Paragraph 9.2 of the recorded covenants governing Western Airpark, authorizes an award of costs and reasonable attorney fees if an action is brought by the board or any lot owner to enforce the covenants.

CP at 97.

On June 2, 2015, the superior court commissioner issued an order for supplemental proceedings to compel Burroughs' payment of attorney fees. On July 1, Western Airpark filed a full satisfaction of judgment for the attorney fees awarded by the superior court. On August 17, Burroughs' notice of appeal was filed with superior court.[1]

ANALYSIS

Generally, following a bench trial our review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law. *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014), *as corrected*, 191 Wn. App. 759 (Feb. 11, 2016). Substantial evidence is evidence sufficient to persuade a fair-minded person of the truth of the asserted premise. *Id*. at 106. We consider unchallenged findings of fact and conclusions of law as verities on appeal. *Id*. We review challenges to a trial court's conclusions of law de novo. *Id*.

I. UNTIMELY APPEAL

As a threshold matter, Burroughs' July 31, 2015 appeal is untimely with respect to the issues relating to the trial court's judgment of October 20, 2014. Under RAP 5.2(a), subject to exceptions that are not applicable in this case, "a notice of appeal must be filed in the trial court within . . . (1) 30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed." Although our commissioner ruled that Burroughs' notice of appeal was

---

[1] While Burroughs' notice of appeal is marked as filed on August 17, 2015, our commissioner issued a ruling on October 27, 2015 stating that Burroughs' notice of appeal was deemed filed on July 31, 2015.

timely, that ruling determined that the appeal was timely with respect to the supplemental proceedings and the full satisfaction of judgment filed July 1, 2015. Burroughs' notice of appeal, filed over nine months after the superior court entered its judgment on October 20, 2014, is therefore untimely to the extent that it addresses issues relating to the trial. Because all of Burroughs' arguments on appeal involve issues relating to the October 20, 2014 judgment, his appeal of that judgment is untimely and we dismiss it.

## II. ATTORNEY FEES

Western Airpark requests attorney fees on appeal under the fee provision included in its covenants. Typically, a prevailing party may recover attorney fees authorized by statute, equitable principles, or agreement between the parties. *Landberg v. Carlson*, 108 Wn. App. 749, 758, 33 P.3d 406 (2001). If fees are allowable at trial, the prevailing party may recover fees on appeal as well. *Id*. However, argument and citation to authority as to the appropriate grounds for an award of attorney fees are still necessary. *Dep't of Labor & Indus. v. Kaiser Alum. & Chem. Corp.*, 111 Wn. App. 771, 788, 48 P.3d 324 (2002). Whether a particular contractual provision authorizes an award of attorney fees as costs is a legal question. *Saunders v. Meyers*, 175 Wn. App. 427, 445, 306 P.3d 978 (2013).

In this case, Western Airpark argues that the basis for the trial court's award of attorney fees, the fee provision in its covenants, provides the same basis for an award of attorney fees on appeal. The trial court found that "Article 9, Paragraph 9.2 of the recorded covenants governing Western Airpark . . . authorizes an award of . . . reasonable attorney fees if an action is brought by the board or any lot owner to enforce the covenants." CP at 97. The trial court awarded reasonable attorney fees to Western Airpark. Because Western Airpark's covenants authorize

reasonable attorney fees in these circumstances and a prevailing party may recover fees on appeal if it could recover fees at trial, we award reasonable attorney fees to Western Airpark.

CONCLUSION

We award Western Airpark reasonable attorney fees on appeal and dismiss Burroughs' appeal as untimely.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

We concur:

Lee, J.

Melnick, J.