# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ANDREA ABBOTT,<br><br>                 Respondent,<br><br>     v.<br><br>SCOTT HILL,<br><br>                 Appellant. | No. 79124-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: March 2, 2020 |

APPELWICK, C.J. — Scott Hill appeals a domestic violence protection order issued to protect his former spouse, Andrea Abbott. Scott[1] argues that the court's findings are not supported by substantial evidence, the court violated his due process rights, and the court erroneously issued an order to surrender weapons. We affirm.

## FACTS

Scott and Andrea were married and had two children together. They dissolved their marriage in 2017.

On July 25, 2018, Andrea filed a petition for a domestic violence protection order and a motion to surrender weapons. She alleged that, on July 20, Scott physically assaulted her in the presence of their children. In a declaration attached to the petition, Andrea stated that, during a scheduled exchange of the children, she and Scott began to argue about the children and other topics. During this

---

[1] We use first names for clarity.

exchange, she claimed, Scott was sitting in the driver's seat of his truck with the door open while she was standing next to the door. She stated that, without warning, Scott yelled, "'Fuck you! Fuck everything you stand for! I'll take the kids away from you!'" She alleged that Scott then slammed the truck door and struck her thigh with the door. Andrea claimed that she was unable to avoid being hit by the door, suffered injuries to her leg, and attached pictures of bruising on her thigh.

A superior court commissioner issued a temporary protection order and set the matter for hearing on a later date.

Before the hearing, Scott filed a response claiming Andrea's allegations were "baseless and unsubstantiated." Scott denied striking Andrea. According to Scott, after he attempted to disengage from the argument and leave, Andrea injured herself when she opened his vehicle door and "continued to verbally berate" him.

A hearing on the protection order was held on August 28, 2018. A commissioner found insufficient evidence of domestic violence and dismissed Andrea's petition.

Andrea asked a superior court judge to revise the commissioner's ruling. Scott opposed her revision request. After hearing argument on September 28, 2018, the court revised the commissioner's ruling and granted Andrea a one year protection order. The minute entry of the court's oral ruling, indicated that there was a sufficient legal basis to enter an order for protection and that the court would order Scott to surrender any weapons and to participate in a domestic violence assessment.

2

In its protection order, the court found that Scott "committed domestic violence as defined in RCW 26.50.010" and was "a credible threat to the physical safety of" Andrea and the children.

Scott appeals.

## DISCUSSION

Scott make three arguments. First, he argues that the court's domestic violence finding is not supported by substantial evidence. Second, he argues that the court violated his due process rights. Third, he argues that the court erred in ordering him to surrender his weapons.

### I. Standard of Review

On a motion to revise, the superior court reviews the commissioner's findings of fact and conclusions of law de novo based on the evidence and issues presented to the commissioner. State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004) (citing In re Marriage of Moody, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999)). The court "is not required to defer to the fact-finding discretion of the commissioner" but "is authorized to determine its own facts based on the record before the commissioner." In re Marriage of Dodd, 120 Wn. App. 638, 644-45, 86 P.3d 801 (2004).

On appeal, we review the superior court's ruling, not the commissioner's. Ramer, 151 Wn.2d at 113. We review a trial court's decision to grant a protection order for an abuse of discretion. In re Parentage of T.W.J., 193 Wn. App. 1, 6, 367 P.3d 607 (2016). We will not disturb such a decision on appeal, unless the court's

3

discretion was manifestly unreasonable, exercised on untenable grounds, or for untenable reasons. Id.

## II. Substantial Evidence

Scott argues that the court's domestic violence finding is not supported by substantial evidence.[2] He contends that Andrea's declarations failed to establish domestic violence or refute his declaration that she was the "primary aggressor and the 'one engaging him' while he attempted to disengage from the parties' verbal disagreement."

Substantial evidence is evidence in sufficient quantum to persuade a fair-minded person of the truth of the stated premise. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 819, 828 P.2d 549 (1992). Where the superior court has weighed the evidence, our role is to determine whether substantial evidence supports the findings of fact and whether the findings in turn support the conclusions of law. In re Marriage of Greene, 97 Wn. App. 708, 714, 986 P.2d 144 (1999). We will not substitute our judgment for that of the superior court, weigh the evidence, or determine witness credibility. Id.

Under chapter 26.50 RCW, a victim of domestic violence may petition the court for an order of protection. RCW 26.50.030. The petition must allege the

---

[2] Scott also argues that the superior court made no specific findings to support the conclusion that he was a "credible threat." But, because a petitioner is not required to specifically allege the existence of a "credible threat," see RCW 26.50.010(3), .030(1), we construe Scott's credible threat argument as part of his argument that the court's domestic violence finding is not supported by substantial evidence.

4

existence of domestic violence[3] and must be supported by an affidavit made under oath that states the specific facts and circumstances supporting relief. RCW 26.50.030(1).

In her petition for a protection order, Andrea alleged that Scott "physically assaulted" her on July 20, 2018, in the presence of their children, and had been charged with assault in the fourth degree. Andrea attached a declaration to the petition. In the declaration, she alleged that Scott "struggled with controlling his anger" throughout their marriage.

Andrea's declaration also detailed her version of the July 20, 2018 incident. She alleged that, while Scott "was sitting in his large lifted truck with the door open," they began to argue about the children's passport and Scott's girlfriend. She then wrote:

> Next thing I knew, without warning, Scott yells, "Fuck you! Fuck everything you stand for! I'll take the kids away from you!" As he yelled this, Scott slammed the door and I attempted to jump out of the way but did not make it and was struck by the door on my leg/thigh. My leg started bruising immediately.

She further claimed that the children were inside "and saw the entire thing." Scott then allegedly "sped out of [Andrea's] driveway, spraying gravel everywhere." She then met with Officer Thomas Jernigan of the Brier Police Department, who took pictures of her thigh bruises and filed an incident report. She also alleged: "I feel

---

[3] "Domestic violence" is defined in part as "physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault" between family or household members. RCW 26.50.010(3)(b). "Family or household members" includes "adult persons . . . who have resided together in the past." RCW 26.60.010(6)(b).

that Scott's behavior is escalating, and I fear that he will hurt me again or will follow through with this repeated threats of taking the children from me/out of state."[4]

In a supplemental declaration, Andrea attached a copy of the Brier Police Department incident report concerning the events on July 20, 2018,[5] and additional pictures of her leg to document the medical treatment she received due to the incident.

Scott argues that Andrea's declarations do "not rebut [his] assertion that he tried to leave in his vehicle and disengage [her] from conversation or argument, but she pursued and opened his vehicle door, barring his retreat." He claims that Andrea "could not have been injured but for her pursuing [him] as he was trying to retreat." Thus, he contends that the superior court abused its discretion "by failing to consider such factors [in] making [its] conclusory findings." But, we do not reweigh the evidence submitted to the superior court. Greene, 97 Wn. App. at 714.

Here, the evidence of Scott's threat to "take the kids away" and the bruises on Andrea's thigh, which were undisputably caused by the door of Scott's truck, presented a credible threat to the physical safety of Andrea and the children. The

---

[4] Andrea alleged that she took Scott's threats to take the children "very seriously" because Scott had previously worked overseas.

[5] In a narrative police report written on July 20, 2018, Officer Jernigan wrote that he had inspected Andrea's claimed injury and noted: "I observed redness on the upper thigh of her left leg. I took pictures of the injury. I collected a written statement from [Andrea] regarding the incident." The officer also described contacting, and later arresting, Scott. Scott admitted to the officer that he told Andrea "Fuck you and everything you stand for."

evidence was sufficient to support the superior court's issuance of the protection order. It did not abuse its discretion.

III. Due Process

Scott next claims that the court's orders violated his due process rights under the state and federal constitutions because he was not permitted to testify or cross examine Andrea at the revision hearing.

Due process fundamentally requires the opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). The concept of due process is flexible, requiring procedural protections tailored to the particular situation. Id. at 334. The Washington Supreme Court has held that the procedures outlined in the Domestic Violence Prevention Act, chapter 26.50 RCW, protect the due process requirements of being heard at a meaningful time and in a meaningful manner. Gourley, v. Gourley, 158 Wn.2d 460, 468, 145 P.3d 1185 (2006); Aiken v. Aiken, 187 Wn.2d 491, 503, 387 P.3d 680 (2017).

All of chapter 26.50 RCW's procedures were met here, and Scott offers no persuasive basis to contend otherwise. There was no due process violation.

IV. Surrender of Weapons

Lastly, Scott contends that the court erred by ordering him to surrender weapons. He argues the court lacked authority to consider the weapons surrender

7

issue because it was not one of the issues "for which revision was sought on the face" of Andrea's motion for revision.[6]

On a motion for revision, the superior court "takes 'jurisdiction of the entire case as heard before the commissioner.'" In re Marriage of Lyle, 199 Wn. App. 629, 632, 398 P.3d 1225 (2017) (quoting State ex rel. Biddinger v. Griffiths, 137 Wn. 448, 451, 242 P. 969 (1926)). Although the superior court cannot accept new evidence at a revision hearing, it reviews the law and facts de novo. RCW 2.24.050; Ramer, 151 Wn.2d at 113.

Here, Andrea's request for an order requiring Scott to surrender weapons was properly before the commissioner.[7] Scott does not offer any authority to suggest that the superior court lacked the authority to consider that issue on revision. Accordingly, the court did not err in ordering Scott to surrender his weapons.

## V. Attorney Fees

Andrea requests an award of attorney fees on appeal under RCW 26.50.060(1)(g), RAP 14.1, and RAP 18.1. Attorney fees may be awarded when authorized by a contract, statute, or recognized ground in equity. Mellor v. Chamberlin, 100 Wn.2d 643, 649, 673 P.2d 610 (1983). Where attorney fees are

---

[6] Scott also argues that the order to surrender weapons was improper because it was based on the erroneous findings of domestic violence and him being a credible threat. But, because we have already determined that the protection order was properly issued, this argument fails and we need not consider it further.

[7] See RCW 26.50.060(1)(k) (authorizing the court to consider prohibiting a respondent's possession of weapons under RCW 9.41.800 when issuing a protection order).

permitted at trial, the prevailing party may recover them on appeal. RAP 18.1; Landberg v. Carlson, 108 Wn. App. 749, 758, 33 P.3d 406 (2001). RCW 26.50.060(1)(g) permits the petitioner to recover reasonable attorney fees. Andrea is the prevailing party on appeal. Therefore, we grant Andrea's request for fees, subject to compliance with RAP 18.1(d).

We affirm.

WE CONCUR: