# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KEENA BEAN, JOHN B. HEIDERICH, GWENDOLYN A. LEE, MATTHEW BENTLEY, JOSEPH BRIERE, SARAH PYNCHON, WILLIAM SHADBOLT, and BOAZ BROWN, as individuals and on behalf of all others similarly situated, | No. 81661-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |
| Appellants, | |
| v. | |
| CITY OF SEATTLE, a Washington municipal corporation; and the STATE OF WASHINGTON, | |
| Respondents. | |

APPELWICK, J. — Bean appeals from two orders dismissing her claims against the City and the State. Bean argues the City's rental registration and inspection ordinance is unconstitutional under article I, § 7 of the Washington State Constitution. She argues that it and the statute authorizing the City to enact it are both unconstitutional. Finally, she requests attorney fees and costs on appeal. We affirm.

FACTS

In 2010, Washington passed RCW 59.18.125. LAWS OF 2010, ch. 148, § 2. The statute authorizes municipalities to require landlords to provide a certificate of inspection as a business license condition. RCW 59.18.125(1).

In 2012, the City of Seattle (City) passed the rental registration and inspection ordinance (RRIO). Ch. 22.214 Seattle Municipal Code (SMC). RRIO requires the periodic inspections of property owners' rental units by a public or private qualified rental housing inspector. SMC 22.214.050(A), .020(9).

The appellants in this case are Seattle tenants and landlords. Appellant Keena Bean rents an apartment subject to RRIO and expressed concerns with a potential future inspection of habitability. Appellant Boaz Brown is also a Seattle renter who considers the potential inspections invasive.

Appellants John Heiderich and Gwendolyn Lee own and operate Seattle rental properties. In 2016, Lee informed the Seattle Department of Construction and Inspections (SDCI) that some of their tenants objected to the inspection. Appellants concede that ultimately, a vacant unit was inspected in place of the disputed units.

Appellants Sarah Pynchon and William Shadbolt received an inspection notice for their rental home. In 2018, its tenants Matthew Bentley and Joseph Briere wrote to SDCI to decline access to the apartment for the inspection. Pynchon wrote separately to confirm that she had notice that the tenants were declining to voluntarily allow an inspection. SDCI responded to Pynchon acknowledging receipt of the letters and later reiterated her obligation to complete the inspection.

The appellants (collectively "Bean"), filed a class action suit against the City and the State. Bean requested the court enter an order permanently enjoining the City from conducting warrantless rental inspections under RRIO and RCW

59.18.125. She further sought declaratory judgment that both laws violate article I, § 7 of the Washington State Constitution. On March 29, 2019, the trial court heard CR 12(b)(6) motions to dismiss by the State and the City on the grounds that RRIO and the authorizing statute were not facially unconstitutional and did not constitute state action. The court granted the State's motion. It denied the City's motion, citing City of Pasco v. Shaw, 161 Wn.2d 450, 166 P.3d 1157 (2007). It interpreted the case to say that "you[ are] a state actor if you must turn over failed reports to the state, the government."

In June 2019, the City amended RRIO to conform to the ordinance in Pasco. Under the amended ordinance, landlords may hire a privately employed inspector. SMC 22.214.050(J). If the landlords choose to inspect less than 100 percent of the rental housing units on the property, they must provide the SDCI with any failing unit's inspection results. Id.

Bean then filed an amended complaint alleging the amended ordinance is unconstitutional. The City again moved to dismiss. The court granted the motion, finding the new ordinance complied with Pasco.

Bean appeals.

DISCUSSION

First, Bean argues RRIO is unconstitutional under article I, § 7 of the Washington State Constitution. She argues Pasco was wrongly decided. In the alternative, she argues the City's ordinance is distinguishable from the ordinance in Pasco. Next, she argues RCW 59.18.125 is unconstitutional on its face. Finally, she requests attorney fees and costs on appeal.

3

We review a trial court's ruling to dismiss a claim under CR 12(b)(6) de novo. Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). Dismissal is warranted only if we conclude, beyond a reasonable doubt, the plaintiff cannot prove any set of facts that would justify recovery. Id. We presume all facts alleged in the plaintiff's complaint are true and may consider hypothetical facts supporting the plaintiff's claims. Id.

I. *City of Pasco*

Bean argues the RRIO is unconstitutional under article I, § 7 of the Washington State Constitution. She also argues Pasco was wrongly decided. Despite this case law, she argues, privately employed inspectors are state actors, even where results are not given to the city.

Under the RRIO, all registered rental properties must be inspected for habitability at least once every 10 years, and the properties to be inspected at a particular time are selected by the City at random from the registered properties. SMC 22.214.050(A)-(B). It requires the City to provide 60 days' notice to property owners that the property must be inspected. SMC 22.214.050(A). The owner must give any tenants at least 2 days' notice prior to the inspection. SMC 22.214.050(H)(1). The owner must use a "qualified rental housing inspector" to conduct the inspection. SMC 22.214.050(A). A "qualified rental housing inspector" is either: (a) a city housing and zoning inspector; or (b) a private inspector who is registered with the City and who maintains certain credentials. SMC 22.214.020. The inspector must physically inspect the property, and if the property meets RRIO's habitability standards, the inspector issues a certificate of compliance so

4

stating, which the owner submits to the City. SMC 22.214.050(E)-(F), .020 (definition of "Certificate of Compliance").

The City describes RRIO as providing three "paths" to completing the mandatory inspections under SMC 22.214.050(G). A property owner may choose to inspect 100 percent of the units on the rental property and provide to the City only the certificate of compliance verifying that all units meet the required minimum standards. SMC 22.214.050(G)(1). Alternatively, the property owner may choose to have only a sample of the rental housing units inspected and comply with and submit copies of required inspection results in addition to the certificate of compliance. SMC 22.214.050(G)(1). In properties with more than one rental unit, property owners may choose to have a sample of 20 percent of the units inspected. SMC 22.214.050(G)(1). If a sampled unit fails the inspection, RRIO provides a process for additional units to be inspected. SMC 22.214.050(G)(3). Finally, a property owner may also choose to hire a City inspector under SMC 22.214.050(A).

Article I, section 7 of the Washington Constitution provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." These protections are "qualitatively different from, and in some cases broader than, those provided by the Fourth Amendment [of the United States Constitution]." City of Seattle v. McCready, 123 Wn.2d 260, 267, 868 P.2d 134 (1994) (McCready I).

The ordinance at issue was passed following a line of cases concerning the constitutionality of municipal rental inspection ordinances. Ch. 22.214 SMC (Ord.

5

124011, § 2 passed in 2012); see McCready I, 123 Wn.2d at 271, 280-81 (nonconsensual inspection of rental units by government invaded the tenants' private affairs and no authority of law supported warrants to search for housing code violations absent probable cause); City of Seattle v. McCready, 124 Wn.2d 300, 309, 877 P.2d 686 (1994) (McCready II) (municipal courts have no inherent authority to issue administrative search warrants and require statutory authorization); Bosteder v. City of Renton, 155 Wn.2d 18, 23-24, 29, 117 P.3d 316 (2005) (result in McCready II also required under the Fourth Amendment). Following these cases, in 2007, the court considered a municipal rental inspection ordinance similar to RRIO. Pasco, 161 Wn.2d at 460. The ordinance at issue in Pasco required landlords to provide a certificate of inspection every two years certifying that the rental units met certain standards of habitability. Id. at 455. Landlords could choose to have the certificate certified by a qualified public or a private inspector, with private inspectors reporting only compliance. Id. at 455-56. A group of landlords and tenants brought a similar challenge to Bean's, alleging it violated tenant privacy rights under article I, § 7 of the Washington State Constitution. Id. at 456-57. The court reviewed McCready I and its progeny, opining that

> the McCready cases and Bosteder involved searches conducted by city inspectors, these cases do not answer the question presented here, whether the Fourth Amendment or article I, section 7 is violated where a landlord and a privately engaged inspector inspect a rental property for code violations that impact health and safety.

Id. at 459.

6

Ultimately, the court rejected the challenge now brought forth by Bean, holding rental inspection ordinances that permit landlords to hire private inspectors do not require state action, and as such, do not facially violate article I, § 7. Id. at 462. The court noted Pasco's ordinance permitted a landlord to hire a private inspector to further the landlord's private aim of maintaining a business license. Id. at 460. Because the landlords furthered their own ends by hiring a private inspector, the inspections were not state action. Id. at 461.

The ordinance and challenge here are not distinguishable from those in Pasco. Under the amended ordinance, if a landlord chooses to hire a privately employed inspector, they can obtain inspections of 100 percent of the rental housing units on the property to avoid failing reports being provided to the city. SMC § 22.214.050(J). The trial court then granted the City's motion to dismiss, finding the new ordinance complied with Pasco.

While Bean claims Pasco was wrongly decided for a number of reasons, it is still good law. Decisions by the Washington State Supreme Court are binding on all lower courts. 1000 Virginia Ltd. P'ship v. Vertecs Corp., 158 Wn.2d 566, 578, 146 P.3d 423 (2006). Where the Court of Appeals fails to follow binding precedent of the Washington State Supreme Court, it errs. Id. This court is bound to follow Pasco.

In the alternative, Bean argues that RRIO is distinguishable from Pasco's ordinance. Her attempts to distinguish the cases are unpersuasive. She claims Pasco's inspection ordinance preserved the independence of private inspectors to a far greater degree than RRIO, which requires such inspectors to undergo City

7

training. Justice Sanders's dissent in Pasco noted the need for approval of private inspectors by the city could be seen as "extensive government involvement." Pasco, 161 Wn.2d at 468. This shows that that the same argument was made to the Pasco court and was rejected.

We hold that RRIO complies with Pasco.

II. Unconstitutional Conditions

Next, Bean argues RRIO unconstitutionally "conditions the preservation of tenant privacy rights on the tenant and landlord shouldering special, expensive burdens."

Bean points to the alternative method requiring inspection of 100 percent of units to avoid reporting failing results to the City as an unconstitutional condition. But, in Pasco, all units were to be inspected by landlords every two years. Id. at 455. Though Bean presents this argument as applying even if Pasco controls, here too the case forecloses her reasoning.

Further, Bean has not demonstrated that a privacy right has been violated. In Pasco, the court found that the ordinance did not exceed what is already allowed by the Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW. Id. at 461. Under the RLTA, landlords have limited rights to enter tenants' residences. See RCW 59.18.150(1). A tenant must not unreasonably withhold consent to a landlord to enter into the dwelling unit in order to inspect the premises. Id. RRIO similarly requires that a "tenant shall not unreasonably withhold consent for the owner or owner's agent to enter the property as provided in RCW 59.18.150." SMC § 22.214.050(H)(1)(d). Both laws require two days' written notice to the tenant

prior to inspection. SMC § 22.214.050(H)(1); RCW 59.18.150(6). If notice requirements are met, a tenant does not have a reasonable expectation of privacy that such an entry will not occur. See Kalmas v. Wagner, 133 Wn.2d 210, 219-20, 943 P.2d 1369 (1997) (no reasonable expectation landlord would not show premises to potential renters with adequate notice). A tenant's right to privacy is no more invaded by an inspection pursuant to the RRIO authorized by their landlord than any other inspection or authorized entry under the RLTA. Bean has not demonstrated that the RRIO is facially unconstitutional.

### III. Constitutionality of the Authorizing Statute

Bean next argues the authorizing statute, RCW 59.18.125, is facially unconstitutional.

The statute provides that local municipalities may require landlords to obtain certificates confirming that a given unit is free from defects that endanger or impair the health or safety of a tenant. RCW 59.18.030(2); .125(1).

We review the constitutionality of a statute de novo. Schroeder v. Weighall, 179 Wn.2d 566, 571, 316 P.3d 482 (2014). A statute is presumed to be constitutional unless its unconstitutionality appears beyond a reasonable doubt." City of Seattle v. Eze, 111 Wn.2d 22, 26, 759 P.2d 366 (1988). So, in order to prevail on her facial challenge, Bean must show that the statute is unconstitutional beyond a reasonable doubt and there are no factual circumstances under which the ordinance could be constitutional.[1] Pasco, 161 Wn.2d at 458.

---

[1] Bean argues the trial court erroneously applied this legal test. She relies on a United States Supreme Court case that provided, "[W]hen addressing a facial challenge to a statute authorizing warrantless searches, the proper focus of the

As the superior court concluded, "there are a number of ways in which a city code could comply with the state law and also be constitutional." The statute does not require municipalities to violate the Washington State Constitution. Private inspectors are not state actors under at least one path to certification authorized by the RRIO, and therefore authorized under the statute. As the authorizing statute, it is by nature more open to alternative means of constitutional compliance than a specific implementation of that authorization by a municipality such as the City. It is permissive, and does not require municipalities to conduct rental inspections.

Still, Bean argues that by not affirmatively requiring a warrant for nonconsensual rental inspections, the State makes municipal compliance with the state constitution optional. But, the statute does not require municipalities to violate the constitution, nor does it permit them to conduct government searches without warrants. See RCW 59.18.125, .150. Further, RCW 59.18.150(4) provides a detailed warrant requirement bestowing municipalities and courts with the statutory authority they lacked in McCready I. 123 Wn.2d at 280-81. Applications for inspection warrants must be "supported by an affidavit or declaration . . . establishing probable cause that a violation of a state or local law, regulation, or ordinance regarding rental housing exists and endangers the health

---

constitutional inquiry is searches that the law actually authorizes, not those for which it is irrelevant." City of Los Angeles v. Patel, 576 U.S. 409, 418, 135 S. Ct. 2443, 192 L. Ed. 2d 435 (2015). So, she argues hypothetical applications are irrelevant. But, the Patel Court did not hold that hypothetical applications were irrelevant where they address searches the law authorizes. Bean provides no support for the belief that the trial court's focus involved irrelevant inspections.

or safety of the tenant or adjoining neighbors." RCW 59.18.150(4)(b). Absent a justifiable excuse, code enforcement officials are permitted to seek warrants only after first seeking consent from both landlord and tenant. Id.

Finally, Bean alleges landlords must provide results of failed inspections to the local municipality. But, the statute requires only that failed inspections be turned over to the municipality if a landlord chooses to utilize the statute's sampling provisions to obtain certification. RCW 59.18.125(5). As with the amended RRIO, under the statute, landlords "may choose to inspect one hundred percent of the units on the rental property and provide only the certificate of inspection for all units to the local municipality." RCW 59.18.125(5).

We hold that RCW 59.18.125 is not facially unconstitutional.

IV. Attorney Fees and Costs

Bean requests attorney fees and costs on appeal. In Washington, a prevailing party may recover attorney fees authorized by statute, equitable principles, or agreement between the parties. Landberg v. Carlson, 108 Wn. App. 749, 758, 33 P.3d 406 (2001). As Bean is not the prevailing party, we decline to award attorney fees and costs.

We affirm.

Appelwick, J.

WE CONCUR:

Coburn, J.          Dwyer, J.